## SUCESIÓN DÍAZ *v.* SUCESIÓN DÍAZ.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 572.—Resuelto en enero 19, 1911.

HIJO LEGÍTIMO—PRUEBA DE FILIACIÓN—TESTAMENTO.—La filiación del hijo legítimo se prueba por el acta de nacimiento y el matrimonio de sus padres. Como el testamento no constituye por sí sólo prueba de la verdad de todas las afirmaciones en él contenidas tampoco constituye prueba de la filiación legítima.

HIJO NATURAL—PRUEBA DE LA FILIACIÓN NATURAL.—En los casos en que la persona o personas que puedan estar en condiciones de reconocer o negar la filiación de un hijo natural, hubieren fallecido, la prueba de la filiación debe ser completa y convincente, no siendo suficiente en este caso una mera afirmación del párroco, al efecto, de que el padre mismo dispuso se consignara en la partida bautismal que el bautizado era su hijo natural.

ID.—PRESUNCIÓN DE LA CAPACIDAD DE LOS PADRES PARA CONTRAER MATRIMONIO.—La doctrina referente a la presunción de los padres de un hijo natural, para contraer matrimonio, no tiene aplicación al presente caso en que no se ha establecido la demanda para probar, ni se ha probado, el estado de hijo natural, sino que al establecerse, se ha partido del supuesto de la existencia de tal estado, pues si la demanda fuera de filiación, sería fatalmente defectuosa por no expresarse en ella que los padres tenían capacidad para contraer matrimonio, y la forma en que se hiciera el reconocimiento.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado del apelado: *Sr. Antonio Sarmiento.*

EL JUEZ ASOCIADO, SR. WOLF, emitió la opinión del tribunal.

Los apelantes entablaron este pleito ante la Corte de Distrito de Sán Juan, alegando que eran hijos legítimos de Don Eladio Díaz, y que este último era hijo natural reconocido de

Don Lucas Díaz y Suárez; que dicho Lucas Díaz y Suárez falleció, dejando un testamento en que había omitido hacer disposiciones a favor de los apelantes. Las verdaderas cuestiones a resolver sometidas a la consideración de la corte inferior y este tribunal, fueron si los apelantes probaron que eran hijos legítimos del que alegaron ser su padre, y si probaron que su dicho padre era hijo natural de Lucas Díaz y Suárez.

Una cuestión preliminar es, si la contestación niega suficientemente el nacimiento legítimo y filiación de los apelantes. La demanda no alega directamente que los apelantes eran hijos de Eladio Díaz, pero da a entender eso al hacer uso de tales palabras como "heredero" e "hijos del hijo." La contestación admite específicamente ciertos hechos pero niega todos los demás. Ninguno de esos hechos específicos que fueron admitidos en la contestación, incluye filiación ni paternidad, sino que todos se refieren al fallecimiento de Lucas Díaz, al otorgamiento de su testamento y a los bienes que dejó. Además, la contestación niega específicamente por falta de información, la afirmación de que los apelantes compongan la Sucesión de Eladio Díaz. Se negó suficientemente la paternidad y filiación.

La única prueba tendente a demostrar la filiación, fué el testamento de Eladio Díaz, que había sido otorgado ante un notario. Esto no era suficiente. Un testamento otorgado en 1893, no es prueba de la verdad de todo lo que refiere. El notario simplemente da fe de la identidad del testador y del objeto del documento. El modo de probar la filiación de hijos legítimos es mediante la prueba del matrimonio de los padres y del nacimiento de sus hijos.

Admitiendo por el momento que la cuestión de si Eladio Díaz era hijo natural de Lucas Díaz, había sido debidamente planteada, nos inclinamos a convenir con el tribunal sentenciador en que la prueba no fué suficiente. La prueba más importante fué la presentada por el encargado del archivo de las partidas de bautismo, que demostraba que el mismo Lucas

Díaz había ordenado que se consignara en el registro, que Eladio Díaz era su hijo natural. Las otras pruebas, podemos añadir entre paréntesis, son análogas a las presentadas con el propósito de demostrar la filiación, o son demasiado remotas. Sea como fuere, nosotros creemos que cuando la persona o personas que pudieron legalmente negar la filiación o reconocimiento, han fallecido, entonces la prueba debe ser completa y convincente. No nos detenemos en la consideración de esta prueba, porque creemos que no sostiene la demanda. Dicha demanda fué entablada, partiendo los demandantes del supuesto de que no era necesario deducir una acción sobre reconocimiento, porque el padre de los demandantes había tenido la condición legal de hijo natural reconocido. Puede ser que la prueba tienda a demostrar el derecho de entablar una acción sobre reconocimiento, pero no demuestra que Eladio Días tenía la condición de hijo natural reconocido.

Los casos de *Juana Meléndez* v. *Pedro de Diego,* resuelto en 3 de diciembre de 1908; *Isabel Silva* v. *Jaime Salamanca,* resuelto en 11 de marzo de 1908; y *Avilés* v. *Sucesión Lange,* resuelto en 30 de enero de 1905, no son aplicables al presente caso, en cuanto a la presunción de la capacidad de los padres de Eladio Díaz para contraer un matrimonio válido, porque como hemos dicho anteriormente, éste no es un pleito entablado con el objeto de probar la condición legal de los demandantes, sino que se presume que tal condición legal es real, empleando en la demanda palabras tales como "hijos del hijo natural reconocido de dicho Lucas Días." Si se pretendiera identificar el presente pleito como una acción sobre reconocimiento, entonces la demanda resultaría fatalmente defectuosa, por no expresarse en ella la capacidad de los padres para contraer matrimonio, ni el modo de reconocimiento.

Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary y del Toro.