RODRÍGUEZ *v*. RODRÍGUEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera.

No. 794.—Resuelto en mayo 24, 1912.

HIJOS NATURALES—DOCUMENTO PÚBLICO—RECONOCIMIENTO POR CÉDULA TESTAMENTARIA.—El reconocimiento de un hijo natural hecho en cédula testamentaria que no ha sido elevada a escritura pública no constituye un reconocimiento hecho en documento público, pues la cédula testamentaria por sí sola no puede calificarse de tal.

ID.—NULIDAD DE DECLARATORIA DE HEREDEROS—RECONOCIMIENTO EN CÉDULA TESTAMENTARIA.—El reconocimiento de un hijo natural hecho en una cédula testamentaria que no ha sido elevada a escritura pública, no puede producir efecto alguno en una acción de nulidad de declaratoria de herederos ejercitada bajo la base de existir reconocimiento consignado en documento público, carácter que por sí no tiene la cédula testamentaria.

ID.—PARTIDA DE BAUTISMO—RECONOCIMIENTO.—El hecho de que se consigne en una partida de nacimiento y de bautismo que el bautizado es hijo reconocido de determinada persona, sin que el presunto padre interviniera bajo concepto alguno en dicha partida, ni haya del reconocimiento más prueba que la simple afirmación del ministro que autoriza el documento, no es prueba bastante para estimar justificado mediante documento público el reconocimiento del hijo natural.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José E. Benedicto.*

La parte apelada no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 18 de febrero del año 1911 Pedro José Rodríguez Castro presentó demanda ante la Corte de Distrito del Distrito Judicial de San Juan, contra Candelaria y Paulina Rodríguez Castro, José María Rodríguez Nieves y Julia y Juana Rodríguez Claudio, éstos tres como herederos de José María Rodrí-

guez Castro, y alega como hechos fundamentales de su acción los siguientes:

1°. Que es hijo natural reconocido en documento público por Pedro José Rodríguez Castro, fallecido en abril de 1880.

2°. Que Pedro José Rodríguez Castro había otorgado en el mes de marzo del mismo año una cédula testamentaria, en la que instituía por únicos y universales herederos a sus hermanos Pedro. José y Candelaria Rodríguez Castro, en unión de tres hijos naturales reconocidos por aquél, a saber, Nieves, Hermenegilda y el demandante, cuya cédula testamentaria fué anulada por falta de un requisito de forma en resolución que dictó el extinguido Juzgado de 1ª. Instancia de San Francisco de esta capital.

3°. Que en el año de 1884 José María, Candelaria y Paulina Rodríguez Castro, promovieron expediente ante el expresado juzgado para que se les declarara únicos y universales herederos de su difunto hermano Pedro José Rodríguez Castro, sin hacer mención de los tres hijos naturales reconocidos, habiendo sido aprobado dicho expediente por resolución dictada en el mes de marzo de dicho año, en cuya virtud los herederos declarados tomaron posesión de los bienes del finado, sin dar en ellos participación. alguna al peticionario, ni a sus dos hermanos naturales.

4°. Que a la muerte de Pedro José Rodríguez Castro el demandante era un niño de corta edad, por lo que no pudo hacer entonces valer sus derechos.

El demandante concluye su demanda con súplica de que se dicte sentencia declarando nulo el expediente de declaratoria de herederos con su auto aprobatorio, y ordenar en su consecuencia se abra el intestado de Pedro Rodríguez Castro, concediendo al peticionario cualquier otro remedio que proceda en justicia dada la naturaleza del caso, con las costas a los demandados.

Anotada la rebeldía de los demandados a instancia de los demandantes se celebró el juicio sin asistencia de los mismos en 19 de septiembre del año 1911, terminando por sentencia

dictada en 16 de octubre siguiente, que declaró sin lugar la demanda con las costas al demandante, quien interpuso contra ella recurso de apelación para ante esta Corte Suprema.

Opinamos que esta sentencia se ajusta a los hechos resultantes del juicio y a los preceptos legales aplicables al caso.

De las pruebas practicadas en el juicio resulta:

1°. Que Pedro José Rodríguez otorgó cédula testamentaria en 11 de abril de 1880, en cuyo documento declaró haber procreado con Dionisia Hernández un hijo llamado Pedro José, con Genara Hernández una niña llamada Nieves y con Fernanda del Valle otra hija llamada Hermenegilda, teniendo además dos hermanos nombrados Pedro José y Candelaria; a los cuales en unión de sus tres hijos expresados, a los que reconocía como tales, instituía por sus únicos y universales herederos, con mejora del quinto de sus bienes a favor de sus hijos Pedro José y Nieves, habiendo nombrado a Juan Ramón Calderón albacea para cumplir su testamento y además tutor y curador de sus menores hijos con relevación de fianza y frutos por pensión.

2°. Que promovidas diligencias de jurisdicción voluntaria por Juan Ramón Calderón para elevar a escritura pública el testamento por cédula de Pedro José Rodríguez, terminaron por auto que dictó el Juzgado de 1ª. Instancia de San Francisco en 17 de febrero de 1881, declarando no haber lugar a elevar a escritura pública el testamento que se decía hecho de palabra por Pedro José Rodríguez, según la cédula testamentaria acompañada, y a declarar testamento dicha cédula.

3°. Que por auto que dictó el Juzgado de 1ª. Instancia de San Francisco en 16 de marzo de 1885 en expediente promovido al efecto, fueron declarados José María y Paulina Rodríguez Castro herederos abintestado de Pedro de iguales apellidos, sin perjuicio de tercero de igual o mejor derecho, mandando en su consecuencia quedaran a su disposición los bienes ocupados de la pertenencia del difunto.

4°. Que según la partida de nacimiento y bautismo de Pedro José Rodríguez, éste fué bautizado en 27 de enero de

1873, a los cuatro meses de nacido, como hijo reconocido de Pedro José Rodríguez y Dionisia Hernández, sin que estos figuren en dicho documento.

Ante tales hechos no podemos estimar probado el carácter de hijo natural de Pedro José Rodríguez Castro que alega el demandante a virtud de reconocimiento hecho en documento público, según afirmó en su demanda, pues la cédula testamentaria en que se hizo tal reconocimiento no es documento público, y precisamente por no serlo, es que se promovieron diligencias por el albacea ante el extinguido Juzgado de 1.ª Instancia de San Francisco, para darle la fuerza y eficacia de tal documento público, que no llegó a obtener, por haber recaído resolución declarando no haber lugar a elevar a escritura pública el testamento que se decía hecho de palabra por Pedro José Rodríguez, ni a declarar testamento la cédula testamentaria en que se consignó.

La cédula testamentaria de que se deja hecho mérito, si algunos efectos puede producir, como documento privado, con relación al reconocimiento de hijo natural del demandante por el difunto Pedro Rodríguez Castro, nunca los produciría en el presente juicio que versa sobre nulidad de declaratoria de herederos bajo la base de dicho reconocimiento consignado en un documento público, carácter que por si no tiene la cédula testamentaria de que se deja hecho mérito y que por modo expreso le negó el Juzgado de 1.ª Instancia de San Francisco en su resolución de 17 de febrero de 1881.

Esa doctrina ha sido ampliamente expuesta en el caso de *Calaf* v. *Calaf*, 17 D. P. R., 198, y en los demás casos que allí se citan.

En cuanto al hecho consignado en la partida de nacimiento del demandante, de ser hijo reconocido de Pedro José Rodríguez y Dionisia Hernández, sin que el presunto padre interviniera bajo concepto alguno en dicha partida, ni haya del reconocimiento mas prueba que la simple afirmación del ministro que autoriza el documento, opinamos como ya lo hemos establecido en anteriores resoluciones, que tal prueba

no es bastante para estimar justificado mediante documento público el reconocimiento del hijo natural:

"*Las partidas de bautismo y de matrimonio como en general todos los documentos públicos, hacen fe del hecho que motivó su otorgamiento y de la fecha de éste o sea de la administración del bautismo y de la celebración del matrimonio en la fecha que expresan; pero no de la veracidad de las manifestaciones que en ella se inserten respecto de la filiación o estado del bautizado o casado. Esa es la doctrina legal derivada de sentencias del Tribunal Supremo de España de 28 de junio de 1864, 18 de marzo de 1873, 24 de junio de 1897, y 13 de junio de 1899, doctrina conforme con el precepto del artículo 1186 del Código Civil vigente.*"

*Ex Parte Ramos,* 9 D. P. R., 488;

*Ex Parte Vidal,* 9 D. P. R., 553;

*Aguayo et al.* v. *García,* 11 D. P. R., 274.

Por las razones expuestas es de confirmarse la sentencia apelada que dictó la Corte de Distrito de San Juan en 16 de octubre de 1911.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.