ISIDRA GONZÁLEZ RAMOS, demandante y apelante, *v.* JUANA y LUIS MAGÍN GONZÁLEZ RAMOS, demandados y apelados.

No. 3783.—*Visto:* Enero 29, 1926. *Resuelto:* Julio 12, 1926.

1. ALEGACIONES—MOCIONES—SOLICITUD DE SENTENCIA SOBRE LAS ALEGACIONES—INSUFICIENCIA DE LA CONTESTACIÓN COMO FUNDAMENTO DE AQUÉLLA—MATERIA NUEVA EN LA CONTESTACIÓN QUE CUMPLE CON LA LEY Y EFECTO.—Las alegaciones comprensivas de materia nueva de defensa en el caso de autos *se resolvió* cumplían con el estatuto y la jurisprudencia y la corte no erró al no conceder una sentencia sobre las alegaciones.

2. Evidencia—Actos Públicos u Oficiales, Procedimientos, Récords y Certificados—Récords o Expedientes Judiciales—En General.—Cuando una parte alega la existencia de una sentencia y guarda silencio respecto a los hechos determinativos de la jurisdicción de la corte, si ésta se niega y aquélla no prueba esos hechos, la admisión del expediente en que la sentencia se dictó—cuyo expediente presentó la otra parte—no constituye error, y menos cuando dicha parte lo presenta para probar y prueba la falta de tal jurisdicción.

3. Hijos Naturales—De los Hijos Naturales en General—Legitimación por Subsiguiente Matrimonio de los Padres — Condición Previa para que Surta sus Efectos Legales.—Sólo los hijos naturales pueden ser legitimados por subsiguiente matrimonio, pero como ellos requieren ser reconocidos para ser considerados como tales, el reconocimiento, antes o después del matrimonio de los padres, es condición previa para que la legitimación produzca sus efectos legales.

4. Hijos Naturales—Del Reconocimiento—Reconocimiento Voluntario—Reconocimiento Auténtico y Fehaciente—En Partida Bautismal.—La alegación fundamental de la aquí demandante—en acción para que se la declarara heredera de un finado y se anulara una partición hecha—descansó en su carácter de hija natural reconocida legitimada por el subsiguiente matrimonio, y el previo reconocimiento se alegó hecho en partida de bautismo habiendo tenido lugar éste en abril, 1902. *Se resolvió:* que dicha partida bautismal no era prueba auténtica y fehaciente del reconocimiento.

5. Hijos Naturales—Del Reconocimiento—Del Reconocimiento Obligatorio —Acción de Reconocimiento o Filiación—De la Sentencia o Declaración *(Decree)* de Hijo Natural—Validez—Sentencia Dictada en Procedimiento Ex-parte.—Una sentencia, dictada sin jurisdicción en procedimiento *ex-parte,* que ordena la inscripción de una persona como hija natural reconocida, legitimada por el subsiguiente matrimonio de los padres, no es eficaz en derecho para establecer la condición de dicha persona como tal hija natural reconocida, legitimada por subsiguiente matrimonio.

Sentencia de *Gabriel Castejón,* J. (Guayama), declarando con lugar la demanda, sin costas. *Confirmada.*

*C. Domínguez Rubio,* abogado de la apelante; *R. V. Pérez Marchand,* abogado de los apelados.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

La relación del caso y opinión de la corte inferior sosteniendo la sentencia que declara sin lugar la demanda, dice así:

"Don José María González y doña Gregoria Ramos Fonseca vivieron en concubinato hasta el 29 de junio de 1902 en que contrajeron matrimonio civil en la municipalidad de Arroyo, P. R.

"Con anterioridad a dicho matrimonio procrearon varios hijos entre los cuales se alega están las partes en este caso.

"La demandante Isidra González Ramos alega en su demanda ser hija natural reconocida de los dos esposos González Ramos, legitimada como consecuencia del matrimonio de sus padres, y que si bien no fué inscrito su nacimiento en el Registro al bautizarse fué reconocida de manera auténtica por sus padres que estaban ya casados civilmente de acuerdo con la ley general de 1899 no habiéndose hecho constar por los contrayentes en el acta de matrimonio ninguno de los hijos habidos con anterioridad a éste por no exigirlo así la citada Ley; que posteriormente la demandante instó ante la Corte de Distrito de Guayama un procedimiento para obtener su inscripción en el Registro Civil como hija legitimada de sus padres, obteniendo sentencia de dicha Corte ordenando tal inscripción la que se llevó a cabo mediante el levantamiento de la oportuna acta; que tanto a la fecha de la inscripción como a la del nacimiento de los demandados así como de la demandante no existía causa física o legal que impidiera la unión de sus citados padres y que tanto los demandados como especialmente la demandante fueron reconocidos pública y privadamente antes y después del matrimonio como tales hijos de sus ameritados padres.

"Que José María González falleció el 20 de noviembre de 1902 bajo testamento ológrafo en el cual mencionó como sus hijos a la codemandada Juana González y a Julio o Guillermo que falleció antes que el padre y no así al demandado Luis.

"Que llevada a cabo la partición de los bienes de don José María González se prescindió de la demandante eliminándola como heredera no obstante saber y conocer los demás herederos que ella existía viviendo con su madre y era una de los herederos del citado José María González.

"Después de describirse los bienes que fueron objeto de dicha partición hereditaria se interesa de la Corte una sentencia declarando que la demandante es hija natural reconocida legitimada por subsiguiente matrimonio de sus padres los citados González Ramos y heredera por tanto del primero; nula la partición de los bienes hereditarios de su ameritado padre y el derecho de la demandante a obtener un tercio de las dos terceras partes de dicha herencia adjudicada a sus hermanos los demandados, interesándose además otros pronunciamientos congruentes con la nulidad de partición solicitada.

"La demanda en cuestión fué contestada por el demandado Luis Magín estableciendo en contra de la misma una excepción previa de falta de hechos determinantes de una causa de acción y como materia nueva de defensa los siguientes:

"Que la demandante Isidra González Ramos no es ni ha sido

reconocida nunca como hija natural de José María González y Gregoria Ramos Fonseca en documento auténtico ni por éstos ni por sus herederos; ni tampoco lo ha sido por sentencia de Tribunal de competente jurisdicción, ni antes ni después del matrimonio de las expresadas personas; y que la expresada demandante no ha· sido instituída heredera de José María González en testamento, ni declarada heredera de éste por ningún tribunal de competente jurisdicción.

"Los fundamentos de la excepción previa son en síntesis los mismos que abarca la materia nueva de defensa por cuya razón los examinaremos conjuntamente.

"El nacimiento de la demandante tuvo lugar en 15 de ·mayo de 1899, siendo aplicable por tanto a este caso los preceptos del Código Civil Español de 1888 hecho extensivo a Puerto Rico en 1889 y anterior al revisado.

"Según dicho cuerpo legal, artículo 121, sólo se considerarán legitimados por subsiguiente matrimonio los hijos que hayan sido reconocidos por los padres antes o después de celebrado.

"Y de acuerdo con el artículo 131 del propio Código, el reconocimiento de un hijo natural deberá hacerse en el acta de matrimonio, en testamento o en otro documento público.

"Si hacemos aplicación de los preceptos transcritos a las alegaciones y prueba presentada en este caso surge necesariamente como primera cuestión a resolver si la demandante Isidra González Ramos fué debidamente reconocida por su padre especialmente por don José María González y ostenta por razón de tal reconocimiento el carácter de hija natural reconocida.

"En el caso de *Amsterdam et al.* v. *Puente,* 16 D.P.R. 561, nuestra Corte Suprema interpretando el alcance del artículo 131 del Código Civil Español, que ya hemos transcrito, se expresa del modo siguiente:

" 'Creemos que de las disposiciones del Código Civil vigentes anteriormente, así como de la práctica y jurisprudencia sobre el particular, puede correctamente deducirse la conclusión de que sin algún acto que en forma auténtica revele la voluntad del padre, de dar a su hijo tal estado, el hijo tiene solamente un derecho de acción para obligar al padre a que le confiera dicho estado. El artículo 135 del Código Civil Español, y el 189 del Código Civil de Puerto Rico, preven los casos en que un padre puede ser obligado a reconocer a su hijo ilegítimo. Solamente puede ser obligado a ello por medio de una acción, y puede decirse que tal acción sería innecesaria, únicamente en aquellos casos en que hubieran actos solemnes por parte

del padre, que vengan a demostrar que tal obligación ha sido cumplida. Claramente se deduce de estos artículos, que aunque un padre haya ejecutado, como sucede en el caso de autos, una serie de actos tendentes a mostrar que determinada persona era hijo suyo, sin embargo, no puede decirse que él la haya reconocido, dentro de la acepción que legalmente tiene la palabra "reconocimiento." Si él puede ser obligado a ello, entonces hay que convenir en que antes de obligársele, el desideratum no se ha logrado. Bajo tales circunstancias, y hasta que no haya algún acto solemne, o alguna declaración de parte de un tribunal, no puede decirse que el hijo haya sido reconocido, ni puede afirmarse que haya adquirido el estado civil de hijo natural reconocido.'

"Si aplicamos tales razonamientos al presente caso veremos que la prueba no sostiene el reconocimiento alegado por la demandante.

"El procedimiento incoado ante esta Corte es un expediente ex parte cuyo propósito fué el de inscribir el nacimiento de la demandante en el Registro Civil sin que dentro de tales actuaciones por su carácter especial pudieran plantearse y menos resolverse cuestiones que afectaban a la filiación de la peticionaria sino que en vista de un derecho claro y ya declarado ordenarse la inscripción correspondiente. El adoptar un criterio contrario sería sostener que por medio de un procedimiento ex parte sin audiencia a las partes contrarias interesadas se podría obtener el mismo resultado que en una acción de filiación lo cual sería en un todo contrario a los buenos principios de equidad y de justicia en que se inspiran nuestras leyes vigentes.

"En Puente et al. v. Puente et al., 16 D.P.R. 586, se dice:

" '. . . . Ha sido la práctica constante que cuando el padre omite o niega el reconocimiento, el hijo debe acudir al tribunal competente ejercitando la acción de filiación para obtener que el tribunal declare en una sentencia lo que omitió o se negó a declarar el padre de una manera solemne. Tal procedimiento es por su naturaleza contencioso y en él son partes además del hijo, el padre o sus herederos y causa-habientes.'

"Por otra parte los actos de reconocimiento hechos por el padre y que aparecen de la prueba del presente caso en manera alguna son suficientes para sostener el hecho del reconocimiento de la demandante, ellos de por sí podrían dar un derecho de acción en favor de la parte actora para obtener su filiación, pero nunca el derecho de hija natural reconocida hasta que tal extremo no se resuelva por una corte competente por medio de la oportuna sentencia y en el juicio ordinario correspondiente.

"Nuestra Corte Suprema en *Puente et al.* v. *Puente et al., supra,* nos dice:

" 'Para que la apelante en este caso hubiera podido alegar con éxito su condición de hija natural reconocida y oponerse como tal y como tal ser declarada heredera, era necesario que constara que su reconocimiento se había verificado voluntaria y solemnemente por el padre, sin lugar a dudas, o que teniendo ella derecho a ser reconocida de acuerdo con la ley y habiéndose omitido por el padre hacer el reconocimiento de una manera solemne o habiéndose negado a ello, había obtenido sentencia firme a su favor en un tribunal competente y dentro del procedimiento contencioso adecuado.

" ' ' "La calidad de hijo natural ha de fundarse necesariamente en el reconocimiento del padre, espontáneo y legalmente probado, o en el caso de omisión o resistencia en una ejecutoria solemne que así lo declare." Sentencia del Tribunal Supremo de España de 16 de abril de 1864.

" ' ' "La filiación de los hijos naturales debe constar necesariamente por el reconocimiento de sus padres o por la declaración solemne de una ejecutoria no bastando para justificarla la simple partida de bautismo." (Sentencia del Tribunal Supremo de España de 28 de junio de 1864).

" ' 'El Código Civil español de 1888 hecho extensivo a Puerto Rico en 1889, en su artículo 131 determina que el reconocimiento del hijo natural deberá hacerse en el acta de nacimiento, en testamento o en otro documento público. Cuando el reconocimiento se ha hecho por el padre en una de las formas prescritas, entonces el hijo no necesita acudir a los tribunales, pues él tiene su estado perfectamente establecido.

" ' 'El propio Código Civil español en su artículo 135 determina cuándo el padre está obligado a reconocer al hijo natural, a saber: cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad o cuando el hijo se halla en la posesión continua del estado de hijo natural del padre demandado, justificada por actos directos del mismo padre o de su familia. (Véase con respecto a la madre el artículo 136). Y en tales casos, cuando el padre no se aviene a hacer el reconocimiento de la manera dispuesta en el artículo 131, es necesario acudir al tribunal competente ejercitando la acción de reconocimiento cuya duración fija el artículo 137 del propio Código Civil español.'

"*Puente et al* v. *Puente et al.,* 16 D.P.R. 585. "La segunda cuestión planteada por las partes o sea la que se refiere a la condición de heredera de la demandante, está resuelta a nuestro juicio

en las anteriores consideraciones en el sentido de que faltando la condición de hija natural reconocida en favor de la demandante falta a su vez su derecho a la legitimación y a la condición de heredera de su difunto padre José María González.

"No pudiendo por otra parte sostenerse que se ejercita en esta acción una de reconocimiento o filiación sino la de nulidad de partición y reconocimiento de haber hereditario fundándose la misma en el hecho de la legitimación de la demandante, a virtud del matrimonio de sus padres, siendo del todo improcedente que por esta corte y en la presente acción se resolviese aisladamente sobre el reconocimiento y filiación de la demandante lo que requiere el ejercicio de una acción clara y definida propia y adecuada a la consecución de dicho fin y sujeta a los requisitos y términos de prescripción que para el ejercicio de tales clases de acciones establece en distintos preceptos el propio Código Civil.

"Reasumiendo las anteriores consideraciones somos de opinión que toda vez que la demandante no fué reconocida por su padre de una manera auténtica en el acta de nacimiento, en testamento o en otro documento público ni tampoco fué declarada su filiación por sentencia de tribunal competente, carece de la condición de hija natural reconocida requisito para que pudiera surtir efecto su legitimación por subsiguiente matrimonio de sus padres no ostentando por tanto su condición de heredera de don José María González.

"Procede pues se registre una sentencia de acuerdo con los términos de esta opinión, declarando sin lugar la demanda, sin especial condena de costas."

La apelante en su alegato, imputa a la corte los siguientes errores, a saber:

"I. La Corte erró al no conceder una sentencia en las alegaciones debido a que el demandado no había establecido controversia alguna y su llamada materia nueva no era tal materia nueva sino liberalmente interpretada, una negativa a algunos hechos de la demanda.

"II. La Corte erró, al aceptar como prueba el expediente No. 5125 de la Corte de Distrito de Guayama ofrecido por el demandado, pues dicha prueba era completamente impertinente.

"III. La Corte erró al aceptar como prueba una supuesta partida de nacimiento ofrecida por los demandados para justificar el nacimiento de la demandante.

"IV. La sentencia dictada por la Corte es contraria a la Ley

habiendo apreciado indebidamente la referida Corte el alcance de la misma en lo relativo al reconocimiento previo a la legitimación.

"V. La Corte erró al declarar sin lugar la demanda en totalidad, pues aceptando hipotéticamente que la demandante no hubiera sido una hija legitimada por subsiguiente matrimonio, dentro de las alegaciones expuestas por la misma, la Corte podía haberla declarado hija natural reconocida de su padre y con derecho a su cuota hereditaria."

I. La apelante solicitó una sentencia sobre las alegaciones, basándose en que la contestación del demandado no ponía en controversia ningún hecho material de los alegados en la demanda y que siendo ésta jurada, debió establecerse una negación específica a cada una de sus alegaciones. La contención de la apelante descansa principalmente en que la materia nueva alegada en la contestación admite directa o implícitamente los hechos de la demanda.

Estee's, tomo 2, p. 569, refiriéndose a la materia nueva como defensa, dice así:

"*Materia Nueva.* De acuerdo con el código, solamente se permiten dos clases de defensas. La primera consiste de una simple negación; y la segunda, de la alegación de materia nueva en forma afirmativa; y como el código ha abolido toda distinción en las formas de acción, y requiere solamente una simple relación de los hechos que constituyen la causa de acción o defensa, estas dos clases de defensas tienen que ser las mismas en todos los casos. Por materia nueva se entiende cuando el demandado trata de introducir en el caso una defensa que no aparece de las alegaciones; algo en que él confió pero que no ha sido puesto en controversia por el demandante y es algo que el demandado debe establecer en forma afirmativa. Materia nueva tiene que ser alegada especialmente. Según el código no hay diferencia en las clases de materia nueva porque todo aquello que admite, bien directamente o por deducción, que una causa de acción según ha sido expuesta en la demanda existió una vez, pero al mismo tiempo la evita y demuestra que ha dejado de existir, es materia nueva."

Lo sustancial de la demanda para establecer la legitimación de la apelante por subsiguiente matrimonio es el previo reconocimiento de hija natural que se alega hecho por los

padres a fin de determinar su derecho a la herencia y para ello se alega que el reconocimiento se hizo en el acta de bautismo y que posteriormente la apelante para conseguir su inscripción en el Registro Civil y como hija legitimada del finado José María González y Gregoria Ramos Fonseca, instó un procedimiento ante la Corte de Distrito de Guayama en el que obtuvo sentencia ordenándose la inscripción. En la materia nueva se alega que la apelante no es ni ha sido reconocida como hija natural de José María González en documento auténtico ni por sus herederos; ni tampoco lo ha sido por sentencia de jurisdicción competente o instituída heredera en testamento por el finado. Estas alegaciones comprensivas de la materia nueva de defensa cumplen con el estatuto y la jurisprudencia. En ellas es verdad que no se niega la existencia del acta de bautismo y la sentencia que fué dictada por la Corte de Distrito de Guayama, pero no se admite su eficacia alegándose que el reconocimiento de la apelante no se ha hecho en documento auténtico o por sentencia dictada por tribunal de competente jurisdicción. No se cometió, por tanto, el primer error apuntado.

II. Se impugnó por la apelante la admisión en evidencia del expediente No. 5125 tramitado ante la Corte de Distrito de Guayama y en el cual a su instancia, se dictó la sentencia que ordenó su inscripción en el Registro Civil de Arroyo como hija legitimada de los finados José María González y Gregoria Ramos Fonseca.

La objeción de la apelante consiste en que los autos del expediente no prueban ningún hecho de la materia nueva del demandado.

El artículo 126 de la Ley de Enjuiciamiento Civil, dice:

"Art. 126.—Al alegar la existencia de una sentencia o resolución de una corte, funcionario o junta oficial, no será preciso citar los hechos que determinan su jurisdicción, pero podrá consignarse que dicha sentencia o resolución fué dictada en debida forma. Si tal alegación fuere impugnada, la parte que dedujo aquélla deberá probar en el juicio los hechos constitutivos de la jurisdicción.''

La apelante alegó la existencia de la sentencia que ordenó su inscripción en el Registro Civil, en la forma que hemos visto de las alegaciones de la demanda, pero guardó silenció en cuanto a los hechos que determinaban la jurisdicción de la corte y el demandado negó tal jurisdicción. Correspondía entonces probar a la apelante los hechos. A falta de tal prueba su alegación quedaría sin valor legal, pero el demandado optó, sin embargo, por presentar dicho expediente tendente a probar la falta de jurisdicción de la corte para dictar la citada sentencia, y en ello la corte inferior no cometió ningún error al admitirlo.

III. La apelante apenas se detiene a discutir el tercer error, por lo que entraremos de lleno a considerar conjuntamente los dos últimos errores en que se discuten los méritos del caso.

Estamos de acuerdo con el análisis que la corte inferior hace de la ley y la jurisprudencia en su aplicación a las alegaciones y las pruebas de este caso. Se nos hace necesario, sin embargo, hacer más precisa la discusión en ciertos extremos. En atención a la fecha del nacimiento de la apelante, mayo 15, 1899, su caso se rige por los preceptos del Código Civil Español. Sólo los hijos naturales pueden ser legitimados por subsiguiente matrimonio, pero como ellos requieren ser reconocidos para ser considerados como tales, el reconocimiento antes o después del matrimonio por los padres viene a constituir la condición previa para que la legitimación produzca todos los efectos legales. La acción de la apelante tiene por última finalidad que se le declare a ella una de las herederas del finado José María González y se anule la partición de los bienes de la herencia en que aparece preterida. Su alegación fundamental es su carácter de hija natural reconocida legitimada por subsiguiente matrimonio, existiendo el requisito del previo reconocimiento hecho por los padres en acta de bautismo y también en virtud de sentencia que ordenó su inscripción en el registro

civil haciéndose constar en el acta su condición de hija natural reconocida legitimada por subsiguiente matrimonio. Si cualquiera de estos dos elementos tuviera fuerza legal, la apelante hubiera alcanzado su objeto. Pero el acto del bautismo, que aparece tener lugar en abril 2, 1902, estando ya en función el registro civil desde el año 1884, no podía considerarse como la prueba auténtica y fehaciente del reconocimiento. En el caso de *Rodríguez* v. *Rodríguez et al.,* 18 D.P.R. 440, se estudia el efecto legal de esa clase de prueba y se dice:

" 'Las partidas de bautismo y de matrimonio como en general todos los documentos públicos, hacen fe del hecho que motivó su otorgamiento y de la fecha de éste o sea de la administración del bautismo y de la celebración del matrimonio en la fecha que expresan; pero no de la veracidad de las manifestaciones que en ella se inserten respecto de la filiación o estado del bautizado o casado. Esa es la doctrina legal derivada de sentencias del Tribunal Supremo de España de 28 de junio de 1864, 18 de marzo de 1873, 24 de junio de 1897, y 13 de junio de 1899, doctrina conforme con el precepto del artículo 1186 del Código Civil vigente.' "

Y no más eficaz en su efecto legal es la sentencia que ordenó la inscripción de la apelante como hija natural reconocida legitimada por el subsiguiente matrimonio de José María González y Gregoria Ramos Fonseca. *Prima facie* la demanda establecía con la sola mención de la sentencia el reconocimiento en forma fehaciente de la apelante, pero investigado el procedimiento en que se obtuvo, se vino en conocimiento que se trataba de un procedimiento *ex parte,* tramitado en ausencia de las demás partes realmente interesadas y sin jurisdicción, por tanto, la Corte de Distrito de Guayama para dictarla. No existe ninguna otra evidencia que establezca en forma auténtica y fehaciente el reconocimiento de la apelante, pero su abogado en el alegato, dudando del valor legal de la partida de bautismo y sentencia que menciona en la demanda, plantea la cuestión en esta forma:

"Nosotros al establecer nuestra alegación, en el hecho segundo consignamos actos que tendían a demostrar un reconocimiento por los padres de la demandante, para que el Tribunal estuviera en condiciones de fijar el reconocimiento de la demandante como condición previa a su legitimación, basándose en la posesión de tal estado, en la hipótesis que el procedimiento incoado para su legitimación no hubiere sido eficaz en derecho.

"La Corte no resolvió esta cuestión, sino que como ya vimos, no habiendo aparecido el reconocimiento en la forma que consigna el Artículo 131, y haciendo caso omiso de todo lo demás, declaró sin lugar."

Y su razonamiento para sostener la proposición dice:

"El estado de legitimación de los hijos es un estado resultante de la celebración del acto de matrimonio por dos personas que vivieron en estado de concubinato y procrearon una familia natural a la que reconocieron por una serie de actos y hechos de acuerdo con las exigencias del Código y el matrimonio operó como causante de la legitimación, siendo el reconocimiento voluntario o coactivo."

El punto así levantado es de suma trascendencia, debiendo considerarse en relación con los artículos 115, 116, 117, 121, 135 y 136 del Código Civil Español, que dicen lo siguiente:

"Art. 115.—La filiación de los hijos legítimos se prueba por el acta de nacimiento extendida en el Registro Civil, o por documento auténtico o sentencia firme en los casos a que se refieren los arts. 110 al 113 del capítulo anterior.

"Art. 116.—A falta de los títulos señalados en el artículo anterior, la filiación se probará por la posesión constante del estado de hijo legítimo.

"Art. 117.—En defecto de acta de nacimiento, de documento auténtico, de sentencia firme o de posesión de estado, la filiación legítima podrá probarse por cualquier medio, siempre que haya un principio de prueba por escrito, que provenga de ambos padres conjunta o separadamente.

"Art. 121.—Sólo se considerarán legitimados por subsiguiente matrimonio los hijos que hayan sido reconocidos por los padres antes o después de celebrado.

"Art. 135.—El padre está obligado a reconocer al hijo natural en los casos siguientes:

"1º. Cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad.

"2º. Cuando el hijo se halle en la posesión continua del estado de hijo natural del padre demandado, justificada por actos directos del mismo padre o de su familia.

"En los casos de violación, estupro o rapto, se estará a lo dispuesto en el Código Penal en cuanto al reconocimiento de la prole.

"Art. 136. La madre estará obligada a reconocer al hijo natural:

"1º. Cuando el hijo se halle, respecto de la madre, en cualquiera de los casos expresados en el artículo anterior.

"2º. Cuando se prueba cumplidamente el hecho del parto y la identidad del hijo."

Manresa discute en cierto modo la cuestión suscitada por el hábil abogado de la apelante y establece el sentido a que puede conducir el tenor literal del artículo 121, el cual trata de armonizar con los demás artículos que hemos citado y su comentario, en parte, es como sigue:

"El tenor literal del artículo hace presumir que si hay varios hijos naturales, sólo serán legitimados por subsiguiente matrimonio aquellos que individualmente hubiesen sido reconocidos por los padres; con lo cual llegará tal vez a producirse una desigualdad injusta entre ellos, si no han sido reconocidos todos. No puede creerse que los redactores del Código hayan querido provocar esta consecuencia, y hay que examinar despacio la duda, buscando otros elementos de interpretación diferentes de la letra del artículo.

"En el proyecto de 1851 existía el mismo precepto (art. 119), y Goyena lo explicaba del siguiente modo: 'El subsiguiente matrimonio legitimaba hasta ahora de *pleno derecho,* porque estando permitida la investigación de la paternidad natural, podía el hijo probarla aún después de celebrado el matrimonio y a pesar de la prohibición de los padres. Ahora está prohibida hasta la investigación de la maternidad, según el art. 127: no hay hijo natural sin el reconocimiento previo y voluntario.'

"Si tal es, como parece ser en muchos de los Códigos extranjeros que piden también esta condición, el único motivo de proclamar semejante precepto, no tiene ahora valor alguno, puesto que en

nuestro Código está permitida la investigación de la maternidad, según la base 4ª, y de hecho puede producirse también la paternidad.

    \*       \*       \*       \*       \*       \*       \*

"Es verdad que contra olvidos injustificados tienen los hijos el remedio de obligar a que se les reconozca, según el tenor de los arts. 135 y 136; pero como respecto del padre (excepto en los casos de violación, estupro o rapto), lo que se pide y se puede realmente obtener es la fuerza legal de un reconocimiento voluntario anterior, la ventaja del hijo no reconocido se amengua, y la indefensión será absoluta cuando careciese del escrito o de la posesión de estado que mencionan los números 1º y 2º del artículo 135.

"Tratándose, pues, de hijos naturales (contra quienes no concurren los prejuicios que pesan sobre otros ilegítimos), creemos que debiera haberse extendido a todos el beneficio de legitimación hecho a un hermano, aunque los demás no estuviesen reconocidos, y una vez que probasen por todos los medios que a los legítimos se conceden (arts. 115, 116, y especialmente el 117) su cualidad de hijos naturales de la persona cuya paternidad pretenden. Verdad es que esto equivaldría a una completa investigación de la paternidad; pero completaría el texto del artículo que comentamos, evitando la desigualdad que puede producirse entre los hijos naturales." Manresa, Coment. al Cód. Civ. Esp., tomo 1, págs. 543–45.

A pesar de las sugestiones que presenta el Sr. Manresa para evitar desigualdades injustas si hay varios hijos y no todos han sido reconocidos, o subsanar omisiones por olvidos injustificados, la apelante, sin embargo, no ha aportado los elementos necesarios como medio de estudiar tales sugestiones en sus diferentes aspectos. Las cuestiones así planteadas quedan abiertas para el futuro. La apelante ha establecido su acción fundada únicamente en el reconocimiento auténtico que prescribe el artículo 131. Ella no extendió el *issue* a cualquiera de los casos previstos en el 135. Así por lo menos quedó clara y explícita su afirmación en ese sentido cuando discutiendo la suficiencia de la materia nueva de defensa en el primer error, dicha apelante dice:

"¿Acaso estamos dentro de una acción sobre reconocimiento de hija natural, donde tal vez pudiera plantearse este problema, o es-

tamos ante el caso de una hija legitimada por subsiguiente matrimonio que reclama su participación en los bienes?''

Pero aun concediendo que esta inconsistente actitud se alegase únicamente a los fines de la argumentación, es lo cierto que nada encontramos en la demanda comprensivo dentro de los casos de un reconocimiento forzoso.

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*

El Juez Presidente Señor del Toro y el Juez Asociado Señor Hutchison, disintieron.