Emilio Soto González y Dolores Soto González, representados por su padre con patria potestad Fulgencio Soto; Antonia Soto, María Eleuteria Acevedo López y Martín González López, demandantes y apelantes, *v.* José Rosa y Casimiro Román, demandados y apelados.

No. 5418.—*Sometido:* Febrero 14, 1934. *Resuelto:* Febrero 20, 1934.

*Armando A. Miranda,* abogado de M. González López; *Lens & Susoni,* abogados de los apelados.

El Juez Asociado Señor Córdova Dávila emitió la opinión del tribunal.

Olegaria C. González López falleció en 31 de julio de 1926, sin haber otorgado testamento y sin dejar descendientes o ascendientes que le sobrevivieran. Los demandantes, Martín González López, Emiliano, Dolores y Polonia* Soto González y María Eleuteria Acevedo López, considerándose únicos y universales, herederos de la finada, en su carácter de hermano natural el primero y en calidad de sobrinos los últimos por derecho de representación, ejercitan esta acción para reivindicar una finca rústica y dos fincas urbanas que se describen en la demanda y que pertenecieron a la referida señora. En su contestación, admiten los demandados que Candelaria González López, mencionada en la demanda como Olegaria González López, dejó a su fallecimiento los referidos bienes, pero alegan que, habiendo muerto sin dejar descendientes ni ascendientes, su cónyuge viudo, Pascual Rosa, fué y es su único y universal heredero.

En la vista del caso, al finalizar la prueba de los demandantes, los demandados presentaron una moción de *nonsuit* que fué declarada con lugar por la corte en cuanto a los demandantes Emiliano, Dolores y Polonia Soto y María Eleuteria Acevedo López, y sin lugar en cuanto al demandante Martín González López. Resolvió la corte el caso en sus méritos en cuanto a este demandante, luego de practicada la prueba, declarando sin lugar la demanda, por entender que Martín González López no probó que fuese hermano natural de Olegaria.

El presente recurso de apelación se basa exclusivamente en que la corte inferior erró ''al declarar que no se probó por el demandante apelante que Olegaria González López era hija natural reconocida de Nicomedes González, y por tanto, hermana paterna de dicho demandante apelante.''

---

* Nota del Repórter: Durante el juicio, la corte inferior autorizó una enmienda a la demanda para sustituir el nombre de Antonia por el de Polonia.

Para demostrar su parentesco natural con la finada, el demandante ofreció la certificación de bautismo de Olegaria, expedida por el cura ecónomo de la Parroquia de Moca, y una copia certificada de una sentencia dictada en 2 de diciembre de 1927 por la Corte de Distrito de San Juan, declarando a Martín López hijo natural reconocido de Nicomedes González.

La partida bautismal ofrecida como prueba dice así:

"Yo, el Pbro. Lic. Fr. Arsenio Fernández y Rodríguez, de la Orden de San Agustín, Cura E°. de esta parroquia de Moca, Diócesis de Ponce, P. R., CERTIFICO: Que en el libro veinticuatro (24) de Bautismos de este archivo parroquial, y en el folio 23 vto. número 92, hay una partida del tenor siguiente: 'En el pueblo de la Moca a primero de marzo de mil ochocientos ochenta y dos: Yo el Pbro. D. Pedro Casado y Canales, Cura Ecónomo de la Iglesia parroquial de Ntra. Sra. de Monserrate, baúticé y crismé solemnemente a *Olegaria* que nació el día seis de marzo del año anterior, hija reconocida de Nicomedes González y María López. Abuelos paternos Juan González y María Colón y maternos, Pedro Pérez y María López. Fueron sus padrinos Rosalía González y Guillermo Soto a quienes advertí el parentesco espiritual y obligaciones de que certifico. Pedro Casado y Canales.' Hay una rúbrica.—Es copia fiel y exacta del original a que me remito y a petición de parte interesada, libro la presente firmada y sellada en Moca a diez de septiembre de mil novecientos veintiséis.—(fdo.) Fr. Arsenio Fernández, C. P."

La cuestión es clara y debe resolverse por los mismos fundamentos que en su opinión aduce la corte inferior. Esta corte ha declarado en repetidas decisiones que la partida de bautismo no es bastante para estimar justificado mediante documento público el reconocimiento de la filiación natural. Como muy bien dice la corte inferior, para que el demandante en este caso hubiese podido alegar con éxito favorable que Olegaria era hija natural reconocida de Nicomedes González, y así establecer su condición de hermano paterno, era necesario que constara que ese reconocimiento se había verificado voluntaria y solemnemente por el padre, o que ella había obtenido sentencia firme a su favor en un tribunal competente y dentro del procedimiento adecuado. Bien se estudie la par-

tida bautismal a la luz de las disposiciones de la Ley 11 de Toro o de los preceptos del Código Civil Español o del Código Civil vigente, cualquiera que sea la liberalidad con que se considere esa prueba, no podemos darle el valor probatorio que intenta el demandante. En ella no consta que el reconocimiento se hiciera por Nicomedes González en persona, ni que éste suscribiera el acta con los testigos de rigor. *Aguayo* v. *García*, 11 D.P.R. 274; *Sucn. Díaz* v. *Sucn. Díaz*, 17 D.P.R. 57; *Rivera* v. *Cámara*, 17 D.P.R. 528; *Rodríguez* v. *Rodríguez*, 18 D.P.R. 440; *Ex-parte Otero, etc.* v. *Pueblo*, 27 D.P.R. 340; *Cepeda* v. *Peñalosa*, 28 D.P.R. 933.

*Debe confirmarse la sentencia apelada.*