Blanco, López y Ca., Demandante y Apelada, *v.* Torres, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre cobro de dinero.

No. 1569.—Resuelto en julio 26, 1917.

Cobro de Pesos — Cuenta Corriente — Abonos Mensuales — Liquidación de Cuentas—Deuda a Plazos Fijos.—En este caso el demandado, por escritura pública, reconoció adeudar al demandante una determinada suma de dinero, con garantía hipotecaria que sólo había de durar cuatro años, y el demandante se obligó a facilitarle en concepto de refacción hasta cierta cantidad sobre la deuda confesada, cuyo total formaría una cuenta corriente, obligándose al demandado a hacer abonos mensuales para ir solventando la deuda. El demandado dejó de hacer el abono de un mes y liquidada la cuenta admitió el saldo que arrojó a favor del demandante. *Se resolvió:* que no habiéndose señalado plazo al pago del crédito confesado ni a las cantidades que el demandante debía facilitar sobre la deuda confesada, y habiendo el demandado dejado de hacer un abono mensual se constituyó en la obligación de pagar la cantidad que resultó adeudar al liquidarle la cuenta corriente, pues no se trata del pago de una deuda a plazos, sino del cobro del saldo de una cuenta corriente abierta por convenio de ambas partes.

Cuentas Corrientes—Liquidación de Cuentas.—Las cuentas corrientes se entienden siempre liquidadas, pues su liquidación depende de una simple operación aritmética.

Id.—Conformidad y Aprobacion por las Partes.—La conformidad y aprobación de una cuenta corriente por las partes constituye entre ellas un vínculo jurídico que sanciona el artículo 1245 del Código Civil Revisado.

ALEGACIONES—INTERPRETACIÓN LIBERAL.—Las alegaciones en un juicio, para determinar sus efectos, deben interpretarse con liberalidad a fin de asegurar absoluta justicia entre las partes, según el artículo 122 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ricardo Agrait Aldea.*

Abogado de·la apelada: *Sr. Ramón Siaca González.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 2 de febrero, 1916, la sociedad mercantil Blanco, López y Ca. presentó demanda ante la Corte de Distrito de Arecibo contra Luis Torres Correa para que éste fuera condenado a pagar a la demandante la suma de $5,144.51 con intereses desde la interposición de la demanda, costas, desembolsos y honorarios de abogado.

El demandado se opuso a la demanda y celebrado el juicio la corte dictó sentencia en 12 de julio, 1916, condenando al demandado a pagar a la mercantil demandante la suma de $5,139.11 con intereses al tipo legal desde la fecha en que fué emplazado, costas, desembolsos y honorarios de abogado.

Contra esa sentencia interpuso la representación del demandado recurso de apelación para ante esta Corte Suprema sometido hoy a nuestra consideración y decisión después de corridos los trámites legales.

Los hechos atinentes al caso según resultan de las alegaciones de ambas partes, de la evidencia aportada al juicio y de la apreciación de ella por la corte sentenciadora, son los siguientes:

1°. Por escritura pública otorgada en la ciudad de Arecibo a 7 de mayo de 1915, en que intervinieron de una parte las sociedades mercantiles Blanco, López y Ca. representada por su socio gestor Restituto Blanco y Fresno, y. Sucesores de J. Clivillés y Ca. bajo la representación de Andrés Gandía Córdova, y de otra parte Luis Torres Correa y Eduardo Iglesias Ortiz, asistido de su esposa Antonia Maldonado, se llegó a un convenio en que entre otras estipulaciones se consignaron

las siguientes: D. Luis Torres Correa se hace cargo de las existencias, útiles, enseres y cuentas del establecimiento "La Margarita" que fué de Roig y Torres en el pueblo de Utuado, y por tal concepto se reconoce deudor de Blanco, López y Ca. por la suma de $3,971.95 en cuenta corriente; G. Blanco, López y Ca. se obliga a tener abierta una cuenta corriente de refacción con el Sr. Luis Torres hasta la suma de $1,500, además de los $3,971.95 de su acreencia actual, que en conjunto formarán una cuenta corriente de $5,471.95; H. Luis Torres Correa se obliga a hacer abonos por lo menos una vez al mes para ir solventando su cuenta corriente; I. Como garantía de dicha cuenta corriente en su totalidad, el Sr. Luis Torres ofrece lo siguiente: Las existencias o activo del establecimiento que adquiere por este contrato; un crédito a su favor por la suma de $1,500 que adeuda la sucesión de don Jesús María Torres Colomer, y el cual queda en poder de los Sres. Blanco, López y Ca. como tal garantía; Y además la siguiente hipoteca que se especifica así: don Eduardo Iglesias y Ortiz con el consentimiento expreso de su mencionada esposa se constituye en fiador solidario de don Luis Torres Correa hasta la suma de $2,000 respondiendo del fiel cumplimiento de este último en el crédito de cuenta corriente que contrae por este documento, y al efecto don Eduardo Iglesias Ortiz, con el consentimiento de su mencionada esposa, constituye hipoteca voluntaria a favor de Blanco, López y Ca. por la suma de $2,000 sobre la finca que se describe  *  *  *; esta fianza responderá por el término de cuatro años por la dicha cantidad de $2,000 al fiel cumplimiento del Sr. Torres en la deuda que contrae con Blanco, López y Ca. practicándose un balance general antes de ser cancelada."

2°. En el mes de enero de 1916 el demandado Luis Torres Correa dejó de hacer a su cuenta corriente con Blanco, López y Ca. el abono correspondiente a dicho mes.

3°. Liquidada en 2 de febrero de 1916 la mencionada cuenta por la sociedad Blanco, López y Ca. arrojó un saldo a su favor por la suma de $5,144.51, según alega la demandante, admi-

tiendo el demandado en su contestación que ese saldo era de $5,139.11 y no de $5,144.51.

Las cláusulas de la escritura de 7 de mayo de 1905 que dejamos transcritas muestran el reconocimiento de una deuda de $3,971.95 por parte de Luis Torres a favor de Blanco, López y Ca. y una obligación por parte de esa sociedad mercantil de facilitar al demandado en concepto de refacción para el negocio de su establecimiento comercial hasta la suma de $1,500, que con los $3,971.95 ya adeudados formaría una cuenta corriente de $5,471.95, obligándose Torres Correa a hacer abonos por lo menos una vez al mes para ir solventando dicha cuenta.

No se fijó término para el pago de la cantidad que Torres Correa adeudara en cuenta corriente a la parte demandante, pues la forma de ir solventando la deuda mediante abonos mensuales, cuya cuantía tampoco fué convenida, no puede estimarse como un señalamiento de plazo. El término de cuatro años señalado a la fianza hipotecaria constituída por Eduardo Iglesias para garantizar el pago de la deuda contraída por Torres Correa con Blanco, López y Ca. tampoco puede considerarse como un plazo para el pago de la deuda durante el término de cuatro años mediànte los abonos mensuales convenidos, pues tal estipulación no fué hecha por demandante y demandado y la hipoteca era una garantía a favor de la mercantil demandante que éste podía aprovechar o no según conviniera a sus intereses, aparte de que tampoco aseguraba la totalidad del crédito adeudado.

No habiéndose señalado plazo al pago del crédito de $3,971.95 que Luis Torres confesó adeudar a Blanco, López y Ca. ni al de las cantidades que esa sociedad debía facilitarle hasta cubrir la suma de $1,500 sobre la deuda confesada, surge la conclusión de que habiendo dejado Luis Torres de hacer en el mes de enero el abono correspondiente a dicho mes, faltando así a la forma convenida de solventar la deuda, se constituyó en la obligación de pagar a Blanco, López y Ca. la cantidad que entonces resultara adeudándole en cuenta co-

rriente, pues según sentencia del Tribunal Supremo de España de 2 de diciembre de 1887 las cuentas corrientes se entienden siempre liquidadas por depender su liquidación de una simple operación aritmética.

El saldo de la cuenta corriente de que se trata hasta la suma de $5,139.11 ha sido admitido por el demandado, y según sentencia del Tribunal Supremo de España de 8 de julio de 1904 ''la conformidad y aprobación de una cuenta por las partes interesadas constituye entre ellas un vínculo jurídico que sanciona el artículo 1278 del Código Civil (1245 del Revisado).''

La alegación hecha por el apelante de que la escritura de 7 de mayo de 1915 no contiene cláusula alguna donde se estipule que vencido un plazo y no satisfecho será exigible toda la deuda, no sostiene su contención de que la acción de cobro es prematura, improcedente y contraria al contrato, pues como ya hemos dicho antes no se trata del pago de una deuda a plazos fijos y determinados, sino del cobro del saldo de una cuenta corriente que el demandante abrió al demandado por convenio de ambas partes.

El artículo 1091 del Código Civil que el apelante cita como infringido por falta de aplicación, en el supuesto de que pudiera regular el presente caso, lejos de contrariar sostiene la sentencia apelada.

Ese artículo dice así:

''Artículo 1091.—La facultad de resolver las obligaciones se entiende implícita en las recíprocas para el caso de que uno de los obligados no cumpliere lo que le incumbe.

El perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación con el resarcimiento de daños y abono de intereses en ambos casos * * *.''

La demandante al reclamar el pago de la cantidad en cuenta corriente que adeudaba el demandado desde que dejó de cumplir en el mes de enero, 1916, la estipulación de hacer abonos mensuales, no ha hecho otra cosa que pedir el cumplimiento de la obligación contraída por el demandado en la

repetida escritura de 7 de mayo de 1915, o sea, el pago de la deuda que reconoció adeudarle y el de las demás cantidades que posteriormente le facilitó, pues no es posible pretender que el derecho de la demandante deba limitarse a reclamar el abono que dejó de hacer en el mes de enero, cuya cuantía es desconocida, quedando por tanto burlado el derecho del acreedor al hacer tal reclamación.

De todos modos la demanda para que se rescindiera el contrato no hubiera obtenido otro éxito que el mismo que hoy persigue el demandante, o sea, el cobro que se intenta en la demanda.

Las alegaciones en un juicio, para determinar sus efectos, deben interpretarse con liberalidad a fin de asegurar absoluta justicia entre las partes, según el artículo 122 del Código de Enjuiciamiento Civil.

Es de confirmarse la sentencia apelada.

> *Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.