## A. GELABERT & CÍA., DEMANDANTE Y APELANTE, *v.* HERNÁNDEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre constitución de fiador solidario.

No. 2763.—Resuelto en mayo 11, 1923.

CONTRATOS MERCANTILES—FIANZA MERCANTIL—PRUEBA TESTIFICAL.—Aparte que la fianza mercantil debe constar siempre por escrito, la existencia de una obligación consistente en afianzar pagarés mercantiles cuyo importe excede de $300 no puede acreditarse con evidencia testifical solamente. El artículo 51 del Código de Comercio no ha sido derogado por la Ley de Evidencia.

ID.—EVIDENCIA.—Tratándose de compeler a un supuesto fiador para que cumpla la obligación que se alega contrajo verbalmente de garantizar pagarés mercantiles cuyo valor excede de $300, la presentación en evidencia de los pagarés suscritos por el deudor no excluye el caso de las disposiciones del artículo 51 del Código de Comercio. No habiendo intervenido el demandado en el otorgamiento de los pagarés, cada uno de ellos era claramente *res inter alios acta.*

ID.—CAUSA EN LOS CONTRATOS—FORMALIDADES DE LOS CONTRATOS.—Cuando un contrato no ha sido reducido a forma y la demanda deja de expresar una causa, si la presunción del artículo 1244 del Código Civil es aplicable, *quaere,* pero de todos modos parece que la letra y el espíritu del artículo 51 del Código de Comercio exigen, para reducir un contrato a forma, algo más que la prueba testifical.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. López de Tord & Zayas y Pizarro.*

Abogado del apelado: *Sr. D. Sepúlveda.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Alegan los demandantes en su demanda como causa de acción, y la prueba testifical tendió a establecer, que Inocencio Ortiz era deudor de los demandantes y deseaba obtener un préstamo adicional; que dicho Inocencio Ortiz para obtener este préstamo adicional ofreció una fianza constituída por Eliezer Hernández, el demandado; que dicho demandado expresó su conformidad verbalmente de hacerse responsable por determinada suma de dinero y convino en suscribir ciertos pagarés tan pronto como fueran firmados por Inocencio Ortiz; que dichos pagarés fueron suscritos

por Ortiz y, según la demanda, su "consideración o causa tuvo lugar en consideración asimismo de la obligación que había asumido Eliezer Hernández para firmar los referidos pagarés," y subsiguientemente que Eliezer Hernández dejó de firmarlos y se negó a pagar uno de dichos pagarés que venció en febrero 14, 1921.

A pesar del hecho de que en la demanda se consigna la omisión del demandado en pagar uno de la serie de los pagarés, esta no es una acción de cobro de dinero, sino única y exclusivamente para obligar a Eliezer Hernández a suscribir dichos pagarés y que se resuelva que él es responsable de su pago. Ortiz no fué hecho parte y no hay ninguna reclamación de pago.

Al terminar la prueba de los demandantes el demandado solicitó que se dictara sentencia de sobreseimiento (*nonsuit*), alegando también que la demanda no determinaba una causa de acción. La corte dictó sentencia de sobreseimiento. Si una obligación ya existe, el declarar que tal obligación en realidad existe, sería al parecer, puramente una cuestión académica. Los demandantes, si están en poder de una obligación, deben proceder a obligar al demandado a cumplir la obligación. Veremos algo más sobre esto cuando pasemos a discutir la moción de *nonsuit*.

Dudamos si existe alguna acción en Puerto Rico para obligar a que se suscriban pagarés. Los apelantes basan su causa de acción en este sentido en el siguiente artículo del Código Civil:

"Art. 1246.—Si la ley exigiere el otorgamiento de escritura u otra forma especial para hacer efectivas las obligaciones propias de un contrato, los contratantes podrán compelerse recíprocamente a llenar aquella forma desde que hubiese intervenido el consentimiento y demás requisitos necesarios para su validez."

Este artículo presupone claramente una obligación válida existente. Si subsiste una obligación de pagar una suma de dinero, generalmente no es necesaria ninguna forma par-

ticular para hacerla efectiva, a menos que el artículo 51 del Código de Comercio suponga previamente la existencia de una obligación y se infiera meramente a su forma. Examinaremos ese artículo al discutir la referida moción de *nonsuit*.

Cuando la acción es para obtener la prueba formal externa del contrato, como por ejemplo una escritura, o como es en este caso, un contrato de fianza, se infiere que la prueba de la existencia de tal contrato debe ser clara y puede dudarse si alegándose un contrato ejecutorio no escrito existe una presunción de un contrato. En otras palabras, cuando hay un contrato formal o cuando existe una entrega de terreno o efectos por virtud de contrato ha de presumirse una causa pero puede dudarse seriamente si el artículo 1244 del Código Civil es aplicable a contratos ejecutorios no escritos. Ese artículo prescribe lo siguiente:

"Art. 1244.—Aunque la causa no se exprese en el contrato, se presume que existe y que es lícita mientras el deudor no pruebe lo contrario."

"Se exprese en el contrato" hace referencia a algo que es formal, o que está reducido a forma. Las palabras que hemos citado de la demanda, o sean, "su consideración o causa tuvo lugar, en consideración asimismo de la obligación que había asumido Eliezer Hernández para firmar los referidos pagarés," expresan una conclusión de derecho más bien que los hechos que muestran una consideración.

Pasamos ahora a la moción de *nonsuit*. La cantidad por la cual el fiador había de ser responsable era $1,106.24. La corte expresó que la ley aplicable al caso era el artículo 51 del Código de Comercio, el cual es como sigue:

"Art. 51.—Serán válidos y producirán obligación y acción en juicio los contratos mercantiles, cualesquiera que sean la forma y el idioma en que se celebren, la clase a que correspondan y la cantidad que tengan por objeto, con tal que conste su existencia por alguno de los medios que el derecho civil tenga establecidos. Sin

embargo, la declaración de testigos no será por sí sola bastante para probar la existencia de un contrato, cuya cuantía exceda de 1,500 pesetas, a no concurrir con alguna otra prueba.''

Y como la cantidad excedía de 1,500 pesetas ($300) y los demandantes sólo habían presentado prueba testifical, la corte declaró que la misma era insuficiente y dictó sentencia a favor del demandado.

Alegan los apelantes que el artículo 52 del Código de Comercio varía la regla, y hacen citas de Manresa para sostener su alegación. El artículo 52 es como sigue:

''Art. 52.—Se exceptuarán de lo dispuesto en el artículo que precede:

''1. Los contratos que con arreglo a este Código o a las leyes especiales, deban reducirse a escritura o requieran formas o solemnidades necesarias para su eficacia.

''2. Los contratos celebrados en país extranjero en que la ley exija escrituras, formas o solemnidades determinadas, para su validez, aunque no las exija la ley española.

''En uno y otro caso, los contratos que no llenen las circunstancias respectivamente requeridas, no producirán obligación ni acción en juicio.''

Entendemos que las materias exceptuadas en el artículo 52 son excepciones a la regla expuesta en la primera parte del artículo 51, o sea, que serán válidos cualquiera que sea la forma, menos cuando se requieran formas especiales y ciertamente se exije una forma especial cuando la cuantía excede de 1,500 pesetas. Manresa sostiene la contención del apelado, pues se expresa en estos términos:

''Expresado así de modo tan terminante que autoriza la eficacia del consentimiento presunto, el secular sistema espiritualista de la contratación castellana vióse combatido por las dificultades de prueba a que la amplitud de la ley citada daba lugar, y el Código de Comercio de 1829 representó una reacción completa respecto de aquel criterio, y exigiendo en sus artículos forma escrita o mayor solemnidad aún para casi todos los contratos, sancionó esta exigencia con la nulidad en el artículo 236, y añadió en el 238, que los de cuantía superior a mil o a tres mil reales, según

los casos, se reducirán necesariamente a escritura pública o privada, sin lo cual no tendrán fuerza obligatoria civil.

"Siguió, no obstante, rigiendo para la contratación civil el sistema espiritualista, en el que tampoco causó ningún cambio el que en la mercantil produjo el Código especial de 1885, un tanto ecléctico, en este punto, pues mientras su artículo 51 comienza formulando el mismo principio espiritualista de la ley recopilada, limita el uso de la forma telegráfica, y si bien colocándose más bien el problema de la prueba en el de la forma (con aquella relacionada, aunque distinta), prohibe que por el solo dicho de los testigos se acredite la existencia de contratos superiores a 1,500 pesetas. Pero lo más importante y lo que en realidad anula casi el principio del artículo 51, es el 52, que sanciona la observancia de las 'formas o solemnidades especiales prescritas por la ley española, y en su caso por la extranjera, con la consecuencia de que, olvidándose aquellas, los contratos no producirán obligación ni acción en juicio.''

El comentarista dijo que el principio general primeramente alegado en el artículo 51 se estaba anulando por el artículo 52. Los dos artículos pueden ser considerados conjuntamente. Aun cuando se requiere que los pagarés a la orden sean por escrito y los apelantes están solicitando que se suscriban tales pagarés, estas consideraciones no excluyen a un contrato de fianza de la regla expuesta en la última parte del artículo 51 de que los contratos por una cantidad mayor de $300 no pueden ser probados mediante prueba testifical.

Los apelantes, sin embargo, insisten en que al tratar de dársele forma a un contrato el artículo 51 no es aplicable, sino que lo es el 1246, *supra,* del Código Civil. Ya hemos considerado ese artículo en parte y nos parece ilógico expresar que no obstante las prescripciones del artículo 51 cuando un contrato es verbal las partes pueden hacer que se reduzca a escrito, meramente porque un pagaré debe ser por escrito. Obligar a darle esa forma, según hemos indicado, supone previamente un contrato existente, pero para probarle está prohibida la prueba testifical. El caso se robustece cuando se trata de un contrato de fianza que siempre

debe ser por escrito. Artículo 440 del Código de Comercio. En demostración de la aplicación del artículo 51 del Código de Comercio los siguientes casos son aplicables. *Loiza Sugar Co.* v. *Baquero,* 29 D. P. R. 863; *Morales* v. *Blanco,* 15 D. P. R. 226; *Cintrón* v. *Fernández,* 22 D. P. R. 483.

Sostienen los apelantes que el artículo 51 del Código de Comercio ha sido derogado por la Ley de Evidencia. La Ley de Evidencia fué tomada de California y hay una gran probabilidad de que el Estatuto de fraudes prevalece allí el cual requiere que ciertos contratos se hagan por escrito y especialmente cuando en una venta la suma envuelta es mayor de L 50 o $250. Los artículos 103 y 104 de la Ley de Evidencia comprenden el caso. Estos son los siguientes:

"Art. 103.—La ley hace necesaria cierta evidencia para la validez de determinados actos, o prueba de determinados hechos.

"Art. 104.—La evidencia necesaria para la validez y prueba de testamentos y de ciertos contratos, es la prescrita en el Código Civil, y la necesaria para la prueba de ciertos delitos graves es la prescrita en las leyes penales."

El Código Civil en varios artículos reconoce la existencia del Código de Comercio. El artículo 1076 al tratar de los intereses expresa que en los negocios comerciales se estará a lo que dispone el Código de Comercio y el 1504 y el 1602 reconocen su existencia. El artículo 1212 prescribe lo siguiente: "La prueba de testigos será admisible en todos los casos en que no se halle expresamente prohibida." Las derogaciones tácitas no son favorecidas y no vemos que haya ninguna intención en derogar el artículo 51 en las prescripciones de la Ley de Evidencia que permite a un solo testigo probar un hecho, artículo 18; ni en el artículo 9 que expresa qué es evidencia directa, ni siquiera en el artículo que define quién es un testigo, artículo 37, citados todos por el apelante.

Resulta casi innecesario el discutir la presentación de los pagarés suscritos por Ortiz como prueba adicional con el

fin de excluir el caso de las disposiciones del artículo 51. Cada uno de estos pagarés era claramente *res inter alios acta.*

Ni tenemos tampoco ninguna duda de que 1,500 pesetas quiere decir $300. Así lo hemos entendido frecuentemente. Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.