DE LA TORRE & RAMÍREZ, demandantes y apelados, *v.* ROSARIO NAVAJAS DÁVILA, demandada y apelante.

No. 3512.—*Visto:* Abril 1, 1925.   *Resuelto:* Julio 8, 1925.

1. ABOGADO Y CLIENTE—COMPENSACIÓN Y "LIEN" DEL ABOGADO—ACCIONES EN COBRO DE HONORARIOS—DEMANDA—ESPECIFICACIÓN DE LOS SERVICIOS PRESTADOS.—En una demanda en que se cobra el saldo de una cuenta pasada, por servicios profesionales prestados, que se ofreció pagar en determinada fecha y no se hizo, no es necesario especificar detalladamente todos y cada uno de los servicios que fueron prestados.

2. ALEGACIONES—FORMA Y ALEGACIONES EN GENERAL—INTERPRETACIÓN.—La alegación en una demanda de que la demandada hizo un abono a cuenta de un recibo pasado y ofreció pagar el resto, demuestra que el pago y ofrecimiento se hizo porque el recibo le fué presentado y aceptado por ella.

3. CONTRATOS—REQUISITOS Y VALIDEZ—REQUISITOS FORMALES—CONTRATOS QUE NO CONSTAN POR ESCRITO O EN DOCUMENTO AUTÉNTICO.—Aunque la obligación de pagar determinada cantidad que se reclama en una demanda no conste por escrito o en documento auténtico, dicha obligación es eficaz cuando ella no afecta a terceros. (*Más* v. *Llona,* 31: 33, confirmado.)

4. PRINCIPAL Y AGENTE—DERECHOS Y OBLIGACIONES EN CUANTO A TERCERAS PERSONAS—ACCIONES—OBLIGACIÓN ACEPTADA POR EL MANDANTE—ALEGACIÓN INNECESARIA.—En una demanda en que no se alega que el apoderado de la demandada aceptara obligación alguna a nombre de ésta, sino que fué ella la que se obligó a pagar el importe reclamado, no es necesario exponer las facultades que el apoderado tenía para obligar a su mandante.

5. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTOS Y CONCLUSIONES—CONCLUSIONES SOBRE PRUEBA CONTRADICTORIA.—Cuando la prueba es contradictoria y la corte inferior resuelve el conflicto existente, la resolución de dicha corte no se alterará en apelación en ausencia de motivos que lo justifiquen.

6. INTERÉS—DERECHOS Y RESPONSABILIDADES EN GENERAL—SENTENCIA QUE CONDENA AL PAGO DE INTERÉS LEGAL.—El pronunciamiento de una sentencia condenando a una parte al pago de intereses legales desde determinada fecha sobre la cantidad reclamada en pleito no es erróneo, cuando de la prueba aparece que dicha parte fué requerida extrajudicialmente desde dicha fecha para el pago de dicha cantidad.

7. COSTAS—NATURALEZA, FUNDAMENTOS Y EXTENSIÓN DEL DERECHO—TEMERIDAD.—Demostrado que una parte se negó temerariamente a pagar la cantidad que se le reclama en pleito, está justificada la condena de pagar costas impuesta por la corte en el mismo.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan),
   declarando con lugar la demanda, con costas. *Confirmada.*

*Heriberto Torres Solá,* abogado de la apelante; *José Martínez Dá-
   vila,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
   bunal.

La sociedad profesional de abogados de la Torre y Ra-
mírez demandó a Da. Rosario Navajas Dávila en cobro de
dinero y habiéndose dictado sentencia favorable a la deman-
dante fué interpuesta esta apelación en la que la deman-
dada alega como primer motivo de error el haber desesti-
mado la corte inferior la excepción previa aducida contra
la demanda por no exponer hechos determinantes de causa
de acción.

La demanda alega substancialmente que la demandada
por conducto de su apoderado general Dn. Baltazar Saldaña
encomendó a la demandante su representación en todos los
asuntos que motivó la administración judicial de los bienes
de Da. Rosario Dávila viuda de Navajas, incoada por Da.
Carmen Navajas: que terminada dicha administración y
sus incidentes la demandante formuló el 2 de julio de 1923
su cuenta de honorarios a la demandada, en los términos
siguientes: "Recibimos de Dn. Baltazar Saldaña como apo-
derado de Da. Rosario Navajas Dávila la cantidad de dos
mil dólares por honorarios devengados y gastos suplidos en
todos los asuntos en que hemos llevado la representación
de aquélla, hasta la fecha, tanto en los judiciales con mo-
tivo de la administración judicial promovida por Da. Car-
men, en el de Don Pedro Hardouing y otros; como en los
extrajudiciales, notariales, administrativos, en consultas,
conferencias y demás subvenciones. De la Torre y Ramí-
rez": que el 14 de julio fué aceptado dicho recibo de hono-
rarios, y a cuenta del mismo abonó la demandada a la de-
mandante la cantidad de mil dólares y ofreció pagar los
otros mil dólares el día último del siguiente mes de agosto
del citado año 1923: y que desde entonces la demandante

ha requerido repetidas veces a la demandada, por sí y por medio de su apoderado Sr. Saldaña para que le satisficiera los mil dólares resto de la expresada cuenta sin que los haya pagado. Por esas alegaciones pidió la demandante a la corte que condenara a la demandada a pagarle la cantidad de mil dólares más sus intereses legales desde el 14 de julio de 1923 y las costas.

[1] Según esas alegaciones, la teoría de la demanda es que prestados servicios por la demandante a la demandada y habiendo ésta pagado una parte de la cantidad consignada por ellos en el recibo y habiendo ofrecido la demandada pagar el resto de ella en agosto de 1923 se exige el cumplimiento de la obligación aceptada por la demandada de pagar dicho resto de un mil dólares. Por esto aunque en el recibo se mencionan los servicios prestados no era necesaria una especificación detallada de todos y cada uno de los servicios, como alega la apelante, porque no se trata por esta demanda de cobrar el valor razonable de los servicios prestados sino el saldo de la cuenta que fué pasada a la demandada, que ésta ofreció pagar en agosto de 1923 y que no ha satisfecho.

[2] También alega la apelante que la demanda es insuficiente porque si bien alega que se formuló la cuenta de honorarios a la demandada no dice que esa cuenta le fuera entregada, y porque aunque expresa que el recibo fué aceptado no se dice por quién se hizo esa aceptación. Aunque esto es así, sin embargo como la demanda expone que la demandada hizo un abono a cuenta de dicho recibo y que ofreció pagar el resto, dando una interpretación liberal a la demanda podemos llegar a la conclusión de que puesto que pagó una parte y ofreció satisfacer el resto esto fué así porque el recibo le fué presentado y porque ella lo aceptó.

[3-4] También la apelante encuentra insuficiente la demanda porque no alega que el apoderado aceptara por escrito o en documento auténtico la obligación de pagar, siendo así que el artículo 1247 inciso sexto del Código Ci-

vil requiere documento privado para los contratos cuya cuantía exceda de 300 dólares y documento auténtico para los celebrados por apoderado, pero el artículo citado no tiene aplicación al presente caso porque aunque no consta por escrito la obligación de la demandada de pagar los mil dólares que se le reclaman, es eficaz por no afectar a terceros (*Mas* v. *Llona* 31 D.P.R. 33): y porque la demanda no alega que el apoderado aceptara obligación alguna en nombre de su mandante sino que fué la misma Da. Rosario Navajas la que ofreció pagar el resto de la cuenta a que se refiere el recibo que inserta la demanda; por cuya razón tampoco era necesario que en la demanda se expusieran las facultades que el apoderado tenía para obligar a su poderdante, extremo que se alega por la apelante como insuficiencia de la demanda. Como consecuencia de lo expuesto no ha cometido la corte inferior el primer motivo de error aducido en este recurso.

[5] El segundo y el tercero hacen referencia a la prueba alegándose ser errónea la conclusión de la corte inferior al resolver que como remuneración por los servicios profesionales prestados fué convenido entre las partes que la demandada pagaría a la demandante $2,000, y al resolver que a cuenta de ellos la demandada abonó $1,000 y ofreció pagar el resto sin que lo haya hecho.

La evidencia fué contradictoria pues mientras la de la demandante tendió a probar que cuando fueron pagados los mil pesos la demandada ofreció pagar los otros mil, la de la demandada trató de demostrar que solo aceptó pagar y pagó mil dólares por los servicios de la demandante y que no ofreció pagar los otros mil dólares. La corte inferior decidió ese conflicto de la evidencia a favor de la demandante y no encontramos motivos para alterar su resolución.

[6] La corte inferior condenó a pagar los intereses legales de un mil dólares desde el 14 de julio en 1923 y esto se alega ser erróneo en el cuarto motivo del recurso.

No creemos erróneo ese pronunciamiento de la senten-
cia porque de la prueba aparece que desde la fecha expre-
sada la demandada fué requerida extrajudicialmente para
el pago de la cuenta de sus abogados, por lo que desde
entonces incurrió en mora, según el artículo 1067 del Có-
digo Civil, y en la obligación impuesta por el artículo 1075
del mismo texto de pagar intereses legales.

[7] Réstanos el último error alegado por la condena de
pagar costas, pero también encontramos justificada a la
corte apelada en esa declaración porque se ha demostrado
que la demandada se negó temerariamente a pagar la can-
tidad que se le ha reclamado en este pleito.

*La sentencia apelada debe ser confirmada.*