José Santiago, demandante y apelado, *v.* José Cuevas Padilla, demandado y apelante.

No. 4740.—*Sometido:* Junio 2, 1930. *Resuelto:* Junio 4, 1930.

*Besosa & Besosa,* abogados del apelante; *Adrián Agosto,* abogado del apelado.

EN RECONSIDERACION

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este caso se originó en la Corte Municipal de San Juan. La demanda, copiada en lo pertinente, dice:

"II.—Que durante el tiempo comprendido entre marzo del año 1919 y julio 18 de 1925, y por distintas partidas, el demandado compró al demandante en su establecimiento, sito en el barrio de San-

turce de esta ciudad, provisiones y mercancías, sosteniendo con tal motivo cuenta corriente con este demandante, la que después de varios abonos que dicho demandado hizo a la misma, arrojó en dicha última fecha, o sea julio 18, 1925, un saldo a favor del demandante y en contra del demandado, por la suma de $341.62, cantidad que actualmente es en deberle dicho demandado.

"III.—Que dicho saldo está vencido, y el que fué liquidado de conformidad con el demandado, no habiendo éste satisfecho aún su importe al demandante ni en todo ni en parte, a pesar de los muchos requerimientos de pago que le han sido hechos."

El demandado excepcionó la demanda y pidió al demandante que le proporcionara una copia detallada y específica de la cuenta en que se basa su reclamación. Se negó el demandante. Fué el pleito a juicio. La corte municipal no permitió al demandante que presentara prueba sobre la cuenta y falló declarando con lugar la demanda sólo en cuanto a la suma de $25.35.

No conforme el demandante apeló para ante la Corte de Distrito de San Juan. Se señaló el juicio para el 16 de enero de 1928. Tres días antes el demandante solicitó que se expidiera una citación para que el demandado compareciera trayendo consigo un documento creditivo de la liquidación de la cuenta corriente del demandado con el demandante que dice:

"Pedido No._____ Julio 12, 1925. Sr. José Santiago. Embarque a Don José Cuevas Padilla, Vía_____Cuando_____Condiciones_____ Valor.—50 arroz, $5.00—16 papas, .64—4 manteca, 3.40—15 perlina, .45—1 s/o azúcar, 2.25—1 v. vinagre, .10—café, 2.50—4 jabón, .28 —3 Salvavidas, .30—10 Hab. coloradas, 1.50—sal fina gruesa, .12— 1 jamón, 2.50—3 tocino, .60—gas, 2.50—cigarrillos, 1.00—2 lbs. garvanzos, .28—2 pimientos, .30—3 aceitunas, .45—4 bacalao, .60— 6 fósforos, .10—salsa, .48—1.63—13.72—25.35—316.27—$341.62."

Al llamar el pleito para la vista, ocurrió lo que sigue:

"Dmdo:—Queremos llamar la atención de la Corte, que hemos recibido una orden de la Corte en forma de un Duces Tecum, solicitando de esta parte que se presente el original de un documento que no existe, que nunca lo hemos recibido, y que esta moción, soli-

citando que se produzca este documento, se ha hecho con la intención de desvirtuar el alcance del Art. 124 del Cód. Civil. Anunciamos que no cumplimos la orden por no tener tal documento.—Dte:—No desvirtuamos el Art. 124. Se formuló esta moción en la Corte Municipal, sección primera y aquí se ha reproducido. Pido que se quite de la mente eso porque es fuera de lugar. Cuando se trate de eso que lo presente.—Juez:—Que venga la prueba de que tal cosa no se hizo.''

Acto seguido el demandante declaró como su propio testigo. Su declaración fué amplia y detallada. En resumen dijo que el demandante periódicamente compraba para su casa efectos en su establecimiento mercantil de Santurce; que el último pedido fué el 18 de julio de 1925; que el demandado ese día llevó la nota personalmente y pidió el estado de su cuenta y el testigo se la rindió mostrando el demandado su conformidad con el saldo de $341.62 que arrojó dicha cuenta; que varias veces el demandado le prometió pagarle ese saldo pero que nunca cumplió su promesa.

Al ofrecerse como prueba el documento en que constaba el saldo el demandado se opuso invocando no sólo el artículo 124 del Código de Enjuiciamiento Civil si que también el 1247 del Código Civil y el 51 del Código de Comercio. La corte resolvió la cuestión en contra del demandado y admitió el documento.

El segundo testigo que declaró fué Benigno Santiago, sobrino y dependiente del demandado en su establecimiento mercantil. Su declaración fué también amplia y detallada y confirma en un todo la prestada por el demandante.

Luego declaró Gabriel Torres que dijo haber estado en la casa del demandado varias veces a cobrarle la cuenta que según borderó ascendía a $341 y centavos, sin que el demandado la pagara, diciéndole que luego pasaría por el establecimiento.

Terminada la prueba del demandante presentó el demandado una moción de *nonsuit* que fué declarada por la corte sin lugar.

Entonces el demandado declaró como su propio testigo. Reconoció que por espacio de mucho tiempo estuvo comprando provisiones en el establecimiento del demandante pero no que le debiera ni menos que hubiera reconocido el saldo que aparece en la cuenta presentada por el demandante. Dijo además que dejó de comprar en el establecimiento del demandante porque dicho establecimiento se quemó y las provisiones que luego le enviaba el demandante no eran de la mejor calidad. Su declaración fué su única prueba.

El demandante volvió a declarar en *rebuttal* insistiendo en lo que había dicho anteriormente y en que el demandado continuó comprando en su establecimiento por varios meses después del fuego, a cuyo efecto presentó varios pedidos del demandado que fueron admitidos con la protesta de éste.

Con esa prueba como base dictó el juez de distrito sentencia condenando al demandado a pagar al demandante $341.62, intereses desde la interposición de la demanda y las costas sin incluir honorarios de abogado. En su relación del caso y opinión, se expresó así:

"La prueba ha demostrado que entre demandante y demandado existía una cuenta corriente por provisiones que el primero suministraba al segundo; que el día 18 de julio 1925, el propio demandado, José Cuevas Padilla, llevó al establecimiento del demandante, José Santiago, una nota para el despacho de provisiones por la suma de $25.35 y pidió que se le arreglara la cuenta; que se le despachó la nota por la suma expresada y se liquidó la cuenta sirviendo de base para ello una libreta que el demandante conservaba, porque los demás libros de operaciones se habían destruído en un incendio que ocurrió el 9 de diciembre 1924 en el establecimiento que tenía el demandante; que la cuenta arrojó un saldo de $341.62, que el demandado reconoció y quedó conforme en pagar días después; que cuando se hizo esa liquidación, se consignó en una libreta, que se presentó como prueba, que lleva el demandante en su establecimiento y en la cual se hace una impresión original y dos copias carbón, una de las cuales se entregó, en papel amarillo, al demandado; que éste no ha pagado el saldo deudor, a pesar de que se le ha cobrado; y que cuando se presentó la demanda en este caso, que lleva fecha 10 de febrero 1926, y se embargaron propiedades del demandado, éste fué

donde el demandante y le ofreció pagar, por toda la cuenta, la suma de $200, que rehusó aceptar el demandante.

"Que el demandado debe al demandante la cantidad reclamada, por concepto de provisiones y mercancías vendídales, se ha demostrado, a satisfacción de la corte, por preponderancia de prueba; pero alega el demandado, como cuestión de derecho, siendo ésta su única contención, que no habiendo el demandante suministrádole el estado de la cuenta solicitada, la demanda no puede prosperar, de acuerdo con el artículo 108 de la Ley de Evidencia, porque no probó su caso.

"Se trata en este pleito del cobro del saldo de una cuenta corriente que fué liquidada de conformidad con el demandado; esto es, que hubo la conformidad y aprobación de la cuenta por las partes interesadas, lo que constituye entre ellas un vínculo jurídico, que sanciona el artículo 1245 del Código Civil. *Blanco López & Co.*, v. *Torres,* 25 D.P.R. 704. Y siendo esto así, el demandante no estaba obligado a probar las diversas partidas de la cuenta, y teniendo sólo que demostrar que el demandado había reconocido la certeza o exactitud del saldo de la cuenta liquidada y su conformidad en el pago, como quedó demostrado en este caso, surgió la obligación de satisfacer su importe, sin que el haber dejado el demandante de suministrar al demandado el detalle de la cuenta corriente, que parece se debió a que sus libros de operaciones se destruyeron en el incendio, sea un obstáculo para dictar sentencia condenatoria. *Sanabria* v. *Rosa et al.* 32 D.P.R. 583; *Anserais* v. *Naglee,* 74 Cal. 60."

No conforme el demandado apeló para ante este tribunal. Tres errores señala en su alegato. Insiste en el primero en que no habiéndole proporcionado el demandante el pliego de particulares que a tiempo le pidiera, no pudo presentar prueba sobre la cuenta en que basó su reclamación.

El artículo 124 del Código de Enjuiciamiento Civil expresa:

"Artículo 124. En las alegaciones no es necesario que la parte que alegue la existencia de alguna cuenta, detalle las partidas de ésta, pero deberá entregar a la parte contraria, dentro de los diez días de haberla pedido por escrito, una copia de dicha cuenta, requisito sin el cual quedará imposibilitada de presentar prueba en apoyo de la misma. La corte o juez podrá disponer la presenta-

ción de otra cuenta además de la presentada, si ésta fuere demasiado general o resultare defectuosa en alguno de sus particulares.''

Si la reclamación del demandante se hubiera basado en una cuenta corriente, tendría entera razón el apelante, pero su reclamación se basó en un *saldo vencido, liquidado de conformidad con el demandado.*

Siendo ello así, es necesario reconocer que se trataba de lo que en derecho americano se conoce como ''an account stated'', esto es:

''Una cuenta que ha sido rendida por una persona a otra, conteniendo el saldo que se alega está en descubierto, saldo que ha sido aceptado y admitido que es una cuenta correcta de la deuda que representa.'' 1 R.C.L. 207.

Y si ése era el caso no había que probar las partidas de la cuenta porque surgía una nueva causa de acción basada en el convenio. Dice R.C.L., resumiendo la jurisprudencia:

''Del convenio surge una nueva e independiente causa de acción y, por tanto, se establece una obligación legal irrespectivamente de las partidas o constituyente del fundamento de responsabilidad anterior. El saldo especificado es una deuda líquida, tan obligatoria como si estuviese evidenciada por un pagaré, factura o fianza.'' 1 R.C.L. 212.

Desde hace años esta corte, en el caso de *Paniagua* v. *Sobrinos de Ezquiaga,* 14 D.P.R. 803, 822, expresándose por medio de su entonces Juez Asociado Sr. Hernández, dijo:

''Opinando como opina esta corte que el convenio entre Paniagua y Sobrinos de Ezquiaga no entraña un verdadero contrato de sociedad, sino una obligación por parte de los segundos de facilitar o prestar al primero los recursos pecuniarios que fueran necesarios para la construcción de las obras contratadas, cuya obligación fué cumplida con exceso por Sobrinos de Ezquiaga, es consecuencia lógica y legal, que Paniagua debe pagar a Sobrinos de Ezquiaga la suma adeudada a que viene condenado en la sentencia, suma inferior, como se deja dicho, a la que realmente les adeuda.

''El Tribunal Supremo de España interpretando el artículo 1278 del Código Civil allí vigente, con el que concuerda el artículo 1245 del nuestro, dijo en sentencia de 8 de julio de 1904:

'' 'La conformidad y aprobación de una cuenta por las personas

interesadas, constituye entre ellas un vínculo jurídico que sanciona el artículo 1278 del Código Civil, sin que obste a ello ni estorbe a la eficacia de la acción resultante, la cláusula de que la cuenta se aprueba, salvo error u omisión; porque en este caso, semejante salvedad no tiene la trascendencia pretendida por el recurrente, puesto que esto equivaldría a anular lo convenido, sino única y exclusivamente la de corregir las equivocaciones posibles que en cualquier cuenta puedan cometerse, en tanto en cuanto no afecten a conceptos o pérdidas expresamente aportados.'

''Paniagua ha reconocido los saldos de cuentas que se le reclaman; nada ha alegado contra ellos y menos ha demostrado haberse sufrido en las cuentas error u omisión estando, por tanto, obligado al pago de dichos saldos.''

■ Como segundo error señala el apelante el cometido a su juicio por la corte ''al tomar como base para su sentencia el hecho de que el demandado hiciera una oferta de transacción al demandante.''

No se cometió el error alegado porque no hay fundamentos bastantes para asegurar que la corte basara su sentencia en la oferta de transacción. Es cierto que en su opinión la corte se refiere a dicho hecho. También lo es que quizá influyó en la formación de su juicio, pero la sentencia se dictó en la forma en que lo fué porque la corte dió crédito a las declaraciones del demandante y de su dependiente, y estimó que entre demandante y demandado se llegó a un acuerdo, reconociendo el segundo que debía el saldo fijado por el primero. Si no fuera así, si el juez hubiera tenido en cuenta la oferta de transacción para basar en ella su fallo, habría que revocar por tal motivo la sentencia.

■ Fué el tercero y último de los errores señalados el que llevó a esta Corte Suprema a revocar la sentencia que dictara la corte de distrito por entender que no habiéndose presentado prueba escrita de la transacción no podía considerarse que el demandante hubiera probado su caso, habiendo en consideración lo prescrito en el artículo 51 del Código de Comercio, a saber: ''Serán válidos y producirán obligación y acción en juicio los contratos mercantiles, cualesquiera que

sean la forma y el idioma en que se celebren, la clase a que correspondan y la cantidad que tengan por objeto, con tal que conste su existencia por alguno de los medios que el derecho civil tenga establecidos. Sin embargo, la declaración de testigos no será por sí sola bastante para probar la existencia de un contrato, cuya cuantía exceda de 1,500 pesetas, a no concurrir con alguna otra prueba'', precepto que fué invocado expresamente por el demandado y que ha sido interpretado y aplicado por esta corte entre otros casos en los de *Loíza Sugar Co.* v. *Baquero & Co.*, 29 D.P.R. 863; *J. Gelabert & Co.* v. *Hernández*, 31 D.P.R. 834, y *Freiría & Co. S. en C.* v. *Cortés Hermanos, S. en C.*, 32 D.P.R. 127, 134.

El demandante solicitó la reconsideración de la sentencia dictada por esta Corte Suprema basándose en que el artículo 51 no era aplicable a este caso porque la transacción entre el demandante y el demandado no era de naturaleza mercantil.

La reconsideración fué acordada y se celebró una nueva vista en la que ambas partes tuvieron la oportunidad de informar e informaron oralmente, habiendo además presentado nuevos alegatos.

Después de un estudio cuidadoso de la cuestión resolvemos que tiene razón el demandante. La deuda que éste reclama del demandado se originó a virtud de compras que el demandado hizo en el establecimiento del demandante de efectos destinados a su consumo, y el artículo 326 del Código de Comercio dice:

"Artículo 326. Nó se reputarán mercantiles:

"1°. Las compras de efectos destinados al consumo del comprador o de la persona por cuyo encargo se adquirieren.

"2°. Las ventas que hicieren los propietarios y los labradores o ganaderos, de los frutos o productos de sus cosechas o ganados, o de las especies en que se les paguen las rentas.

"3°. Las ventas que, de los objetos construídos o fabricados por los artesanos, hicieren éstos en sus talleres.

"4º. La reventa que haga cualquiera persona no comerciante del resto de los acopios que hizo para su consumo."

Siendo esto así, y no habiéndose destruído en modo alguno la presunción legal, cae por su base todo el razonamiento en que esta corte se basó para revocar la sentencia. La prueba testifical presentada era admisible, y siendo admisible no hay duda de su suficiencia habiendo decidido como decidió la corte de distrito el conflicto en pro del demandante y sin que se haya como no se ha demostrado pasión, prejuicio o parcialidad al proceder de tal modo.

En la nueva vista insistió el apelante en que de no ser aplicable el artículo 51 siempre lo era el 1247 del Código Civil que también exigía la constancia escrita por exceder de $300. Ese artículo ha sido interpretado por esta corte en el sentido de que no excluye la prueba testifical cuando se trata de las mismas partes que contrataron, como sucede en este caso. Véanse los casos de *De la Torre y Ramírez* v. *Rosario Navaja,* 34 D.P.R. 442; y *Mas* v. *Llona,* 31 D.P.R. 33 .

*Por virtud de todo lo expuesto, debe confirmarse la sentencia recurrida.*

EN RECONSIDERACION

2 de agosto de 1930

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Solicita la parte demandada la reconsideración de la sentencia dictada en este caso el 4 de junio último, por dos motivos, 1, porque al final de la página 3 de la opinión se dice: "El segundo testigo que declaró fué Benigno Santiago, sobrino y dependiente del demandado en su establecimiento mercantil," cuando la transcripción demuestra que el testigo era sobrino del demandante y no del demandado, y 2, porque no se dió la debida aplicación al artículo 1247 del Código Civil.

Realmente el testigo Benigno Santiago no era sobrino del

demandado sino del demandante, pero tal error clerical, que debe entenderse por esta manifestación que hacemos corregido, no puede servir de base a la reconsideración de la sentencia.

En cuanto al otro extremo basta leer la opinión de la corte de 4 de junio último, para concluir que se tuvo en cuenta el artículo invocado. Tal artículo debe interpretarse siempre en relación con los artículos 1245 y 1246 que lo preceden.

Los artículos 1245, 1246 y 1247 del vigente Código Civil son iguales a los artículos 1278, 1279 y 1280 del antiguo y como dijo el Tribunal Supremo de España en su sentencia de 8 de julio de 1904, 98 J. C. 803, siguiendo su constante jurisprudencia, "los contratos son obligatorios cualquiera que sea la forma en que se hayan celebrado, siempre que en ellos concurran las circunstancias del artículo 1261 del Código Civil, según categóricamente ordena el 1278, de donde se sigue que de su validez y no de las formas extrínsecas requeridas por la ley para otros distintos efectos, depende exclusivamente su eficacia entre las partes contratantes."

Desde hace años el alcance del artículo 1247 de nuestro Código Civil ha sido motivo de cuidadosa consideración por parte de esta Corte Suprema, pues una interpretación rígida del mismo podría dar lugar a verdaderas injusticias. De ahí nuestro criterio en el sentido de que dicho precepto legal no excluye la prueba de testigos cuando se trata de las mismas partes contratantes, debiendo, por supuesto, tratarse de una prueba testifical sólida y clara, que merezca entero crédito, para que pueda ser tenida en consideración.

En realidad de verdad si la parte demandante hubiera servido a la demandada el pliego de particulares que ésta le pidió hasta donde hubiera podido servirlo en atención al fuego ocurrido, hubiera demostrado su buena fe y se hubiera obviado ella misma tantas dificultades y dilaciones como han surgido en este pequeño litigio. Escogió una posición difícil. Ella misma ató sus manos para la presentación en el juicio de prueba detallada. Pero por más que es la última cuenta

rendida con la que mostró su conformidad el demandante según se alegó en la demanda y se sostuvo por la prueba, la que debe tomarse como base, no es posible prescindir de los hechos anteriores, coetáneos y posteriores, a la alegada aceptación por parte del demandado del saldo deudor que se le reclama.

Se trata de un contrato peculiar. La existencia de las relaciones contractuales se acepta por el propio demandado. Y sería algo contrario a la justicia negarse a admitir como prueba las declaraciones del comerciante, de su dependiente y de su cobrador, todas referentes a la cuenta escrita que según ellos se sirvió al demandado y fué aceptada por él.

No es recomendable en verdad la práctica seguida por el demandante en este caso. Se expuso a no ser creído por la corte y a perder su reclamación, pero habiendo sido su declaración y las de sus testigos enteramente creídas por el tribunal sentenciador, y siendo amplias, claras y detalladas, no cabe alterar el fallo.

La prueba aportada por el demandante hubiera sido bastante de acuerdo con la jurisprudencia americana, como se desprende del siguiente resumen de la misma que tenemos de Ruling Case Law. Dice:

"Prueba tendente a demostrar que las partes se entrevistaron y llegaron a un acuerdo y que se fijó y convino un saldo, es admisible para probar una cuenta liquidada (account stated) y suficiente para autorizar que se someta la cuestión como una de hecho al jurado." 1 R. C. L., Sección 21, página 220.

*Debe declararse no haber lugar a la reconsideración solicitada.*