Alejandro Franceschi, demandante y apelado, *v.* Ramón Rivera, demandado y apelante.

No. 5764.—*Sometido:* Diciembre 1, 1932. *Resuelto:* Marzo 15, 1933.

Leopoldo Tormes, abogado del apelante; *E. Huertas Zayas,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La sentencia de la Corte de Distrito de Ponce declaró que Ramón Rivera adeudaba $600 a Alejandro Franceschi con motivo de un préstamo.

En apelación el punto principal que se suscitó es que el préstamo era de naturaleza mercantil, y, por tanto, que no podía probarse mediante prueba oral. El hecho es que se trató de establecer la deuda con prueba oral exclusivamente. La evidencia practicada en el juicio tendía a demostrar que

por lo menos una de las partes era comerciante, y es por este motivo que el apelante, citando los casos de *Gelabert & Co.* v. *Hernández,* 31 D.P.R. 834, y *Loíza Sugar Co.* v. *Baquero,* 29 D.P.R. 863, sostiene que el artículo 51 del Código de Comercio es aplicable. Sin embargo, debe determinarse previamente si el contrato es o no mercantil.

El artículo 311 del Código de Comercio lee como sigue:

"Se reputará mercantil el préstamo, concurriendo las circunstancias siguientes:

"1. Si alguno de los contratantes fuere comerciante.

"2. Si las cosas prestadas se destinaren a actos de comercio."

La corte resolvió que aunque se demostró que una de las partes contratantes era comerciante, no se estableció que el dinero prestado por el demandante al demandado se destinara a actos de comercio, según lo define el referido artículo 311.

Todo el caso gira sobre la cuestión de si el artículo 311 ha de interpretarse en forma disyuntiva o copulativa; en otras palabras, si es necesario que el demandado pruebe las dos circunstancias mencionadas en la ley.

Un préstamo de un comerciante a otro o de cualquier persona a un comerciante es tan corriente en la sociedad que no puede ser que la Legislatura quisiera decir que la mera prueba de ser comerciante una persona era suficiente para establecer la naturaleza mercantil de la obligación. Creemos que la Corte de Distrito de Ponce actuó acertadamente al sostener que había que probar ambas circunstancias.

El apelante también alega que la corte erró al permitir una enmienda a la demanda para demostrar que el préstamo se efectuó en agosto en vez de julio de 1929. El apelante no nos convence de que esta enmienda le cogió de sorpresa o le perjudicó.

*No hallamos que sea errónea la imposición de costas y debe confirmarse la sentencia apelada.*