RAFAEL DÍAZ CINTRÓN, demandante y apelado, *v.* FRANCISCO VILCHES GARCÍA, demandado y apelante.

No. 6772.—*Sometido:* Julio 23, 1934.  *Resuelto:* Julio 26, 1934.

*J. Valldejuli Rodríguez,* abogado del apelante; *Dubón & Ochoteco,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La parte demandante y apelada solicita la desestimación del recurso interpuesto en este caso porque el apelante ha sido negligente en la tramitación del mismo y porque es frívolo. No tomaremos en consideración el primer fundamento ya que a nuestro juicio procede la desestimación por el segundo.

En la demanda se alegó, en resumen, que allá para el 15 de septiembre de 1932 demandante y demandado contrataron verbalmente que el primero iniciara un procedimiento ejecutivo hipotecario para el cobro de un crédito por diez mil dólares, intereses y mil dólares más para costas y ho-

norarios de abogado en caso de ejecución, que el demandado tenía constituído a su favor por los esposos Nicolás Mitchel y Ricarda (sic) Bull, obligándose el demandado a satisfacer por sus servicios profesionales al demandante la suma de mil dólares, y que en efecto el procedimiento fué iniciado y terminado de acuerdo con la ley, adjudicándose finalmente la finca hipotecada al demandado, negándose luego éste a pagar los honorarios convenidos al demandante.

Contestó el demandado negando la existencia del contrato. Reconoció sí la existencia de los servicios, pero alegando que el demandante le había manifestado que no valdrían más de $200 a $250. Alegó además que la finca que se le adjudicó estaba gravada con créditos preferentes y tenía su casa y plantaciones en ruinas, sin que nada hubiera cobrado de su crédito en dinero. Expresó que había ofrecido pagar al demandante doscientos dólares por sus servicios, más cualquier otro gasto que hubiera hecho con ocasión del pleito, y el demandante se había negado a aceptar su oferta. Pidió sentencia a su favor con costas al demandante.

Trabada así la contienda, fué el pleito a juicio decidiéndolo la corte por sentencia de noviembre 27, 1933, en favor del demandante. De la relación del caso y opinión que emitiera al efecto, transcribiremos lo que sigue:

"Los autos originales del pleito No. 703, de la Corte de Distrito de Bayamón, seguido por Francisco Vilches García *vs.* Nicolás Mitchel y su esposa Rosario Bull, sobre ejecución de hipoteca, fueron presentados en evidencia (Dte. Exh. 1), comprendiendo dichos autos 147 folios útiles. El escrito inicial, que consta de 25 páginas, fué radicado el 13 de octubre de 1932, acompañándose las escrituras de constitución, modificación y cesión del crédito, y una certificación del Registrador de la Propiedad relativa a las fincas objeto de ejecución expedida el 6 de octubre de 1932, a instancias del abogado R. Díaz Cintrón. La corte, por su Juez Sr. Samalea, ordenó el requerimiento de pago de las cantidades reclamadas, o sea $10,000.00 de capital, $500.00 de intereses devengados desde el 1º. de julio al 31 de diciembre de 1932 y los que pudieren devengarse hasta su total pago

y $1,000.00 fijados para costas, gastos y honorarios de abogado y ordenando la notificación de acreedores posteriores. A moción del demandante, por su abogado, se ordenó también la anotación de la demanda en el Registro de la Propiedad. Después de estas actuaciones aparecen otras del ejecutante, de la corte y sus funcionarios, hallándose cancelada en el certificado de diligenciamiento del Márshal de 13 de febrero de 1933, sobre adjudicación y venta de la finca hipotecada, la cantidad de $43.80 en sellos de Rentas Internas y cuya cantidad, según aparece de la prueba, fué la única que pagó el ejecutante.

"RAFAEL DÍAZ CINTRÓN declaró que encontrándose Francisco Vilches García recluído en el Auxilio Mutuo, Río Piedras, P. R., convino con él allí sus servicios para la ejecución de la hipoteca por la suma de $1,000.00, que es la que aparece estipulada en la escritura, siendo por su cuenta todos los gastos y desembolsos del procedimiento y para ser satisfecha dicha suma el día que tuviera lugar la subasta de la finca hipotecada; y también declaró dicho testigo, sin ser contradicho en esta parte, que él satisfizo todos los gastos y costas del procedimiento, consistentes en los sellos cancelados en las diligencias y derechos pagados al secretario y a los marshals de Bayamón y San Juan, por sus respectivas diligencias y por las certificaciones y anotaciones en el Registro de la Propiedad, publicación de edictos, ascendentes dichos gastos y costas a $47.65, más los gastos de escritura de adjudicación y su copia, de $2.50 y $1.50, respectivamente, y la inscripción en el Registro de la Propiedad, con excepción de los derechos del márshal por la adjudicación y venta, montantes a $43.80, como antes se ha expresado, que los pagó el demandante personalmente porque el demandado no los tenía en aquel momento, debido a no haberle sido satisfecho entonces, según el convenio, el valor de sus servicios.

"RAMÓN BARRIOS, Márshal de la Corte de Distrito de Bayamón, declaró sobre una conversación tenida con el demandado, en la cual éste admitió haber convenido pagar al Sr. Díaz Cintrón, por concepto de honorarios, la suma de $1,000.00, o la cantidad fijada en la escritura.

"ENRIQUE PONSA PARÉS, Fiscal de la Corte de Distrito de Bayamón, declaró, en sustancia, que el día que se otorgó la escritura de adjudicación oyó una conversación entre demandante y demandado, diciendo éste que los honorarios por $1,000.00 eran excesivos, habiéndosele adjudicado la finca por la hipoteca y no haber recibido ni un centavo en dinero, que la casa estaba destruída y los árboles de toronjas abandonados, y le pidió rebajara a $500.00 dichos honorarios,

manifestando el demandante que eso era lo convenido y que había quedado en llevarle el dinero ese día y no lo había hecho.

"NORMAN E. PARKHURST declaró en contraprueba sobre proposiciones que hiciera a Francisco Vilches para el arreglo del asunto y contestación de que viera a su abogado el Sr. Díaz Cintrón.

"GERMAN RIECKEHOFF Y FRANCISCO VILCHES GARCÍA tendieron a demostrar con sus declaraciones que el demandado no deseaba seguir el procedimiento ejecutivo y que el demandante les dijo que los honorarios y gastos del procedimiento no sería mayor de $250.00, estando la casa en ruinas y las plantaciones destruídas, y no teniendo las fincas adjudicadas un valor mayor de $5,000.00. No afirmaron dichos testigos que los honorarios se convinieran en 250.00, ni en ninguna otra cantidad.

"JUAN VALLDEJULI RODRÍGUEZ Y ADRIÁN AGOSTO, abogados, declararon sobre el valor de los servicios, manifestando el primero que la cantidad de $250.00 era justa, y el segundo que, no existiendo contrato expreso, dadas las condiciones económicas en que se hallaba la Isla, y siendo el procedimiento ejecutivo hipotecario una cosa trillada, la cantidad de $300.00 era justa y razonable.

"La acción se basa en la existencia de un contrato expreso de servicios profesionales. La preponderancia de la evidencia está en favor del demandante. El demandado realmente se obligó a pagarle la cantidad de $1,000.00, que consta en la escritura, por los servicios de abogado y las costas, gastos y desembolsos del procedimiento, que hizo el demandante con excepción de la cantidad de $43.80 pagada al márshal por derechos de adjudicación y venta, y cuya cantidad no parece excesiva, visto el trabajo realizado y las cantidades pagadas por el demandante en el ejecutivo. Sin embargo, la cantidad satisfecha por el demandado de $43.80 debe ser deducida de la reclamación.

"'Un abogado puede efectuar un contrato, cuyo cumplimiento puede exigirse, con una persona que va a convertirse en su cliente, para el pago de los servicios que han de prestarse, y tal contrato no está sujeto al examen minucioso del tribunal, ya que al cliente se le considera competente para juzgar por sí mismo lo que es una suma adecuada por dichos servicios. La validez del contrato no depende del valor de los servicios prestados, y se ha resuelto que la objeción de falta de mutualidad no puede sostenerse en tales contratos.' 6 C. J. 735, párrafo 4. Véase además Reynolds vs. Sorosis Fruit Co., 133 Cal. 625; 3 Cal. Jur. 696, Sección 95."

■ La transcripción de la evidencia preparada por el taquígrafo y servida por el apelante al apelado a los efectos

de su examen para la aprobación por la corte, confirma las conclusiones de ésta contenidas en su relación del caso y opinión que dejamos transcritas.

A la desestimación se opuso el apelante por su abogado en cuanto a la frivolidad "porque en la moción sobre desestimación de apelación no se exponen méritos de ninguna especie para que se desestime el recurso por frívolo, no estando en condiciones esta Corte Suprema de resolver ese punto con los documentos sometidos por la parte apelada. La transcripción de evidencia consta de 188 páginas y en ella hay planteadas innumerables cuestiones de derecho, y entre ellas la que tiene que resolver esta Corte Suprema en el sentido de si un abogado, aunque su cliente pierda el capital o crédito hipotecario, puede cobrar para sí el crédito asignado en la escritura de hipoteca para costas, gastos, desembolsos y honorarios de abogado. Esto es, si ese crédito está asignado como de la propiedad del abogado que ejecute o si es una propiedad del hipotecario. También existe el problema de si por el solo hecho de contratar los servicios de un abogado para ejecutar una hipoteca, por ese solo hecho se realiza un contrato con ese abogado, en el sentido de que sea suyo exclusivamente un crédito adicional para costas, gastos, desembolsos y honorarios de abogado."

La demanda se basó en el cumplimiento específico de un contrato de pago de mil dólares por determinados servicios profesionales que en efecto se prestaron, no en que porque en la escritura de hipoteca se consignaran mil dólares para pago de costas y honorarios de abogado en caso de ejecución, el demandado estuviera obligado a pagarlos al demandante como abogado que dirigió el procedimiento judicial entablado al efecto. La corte a virtud de las alegaciones y las pruebas declaró que el contrato alegado era cierto. Y siendo ello así, la sentencia que dictara era la que en ley procedía.

En el acto de la vista de la moción oralmente alegó el abogado del demandado apelante que no constando por

escrito el contrato en que se basaba la reclamación del demandante, carecía ésta de validez. Invocó el artículo 1232 del Código Civil, Ed. 1930. Para demostrar la falta de mérito de la contención bastará referirnos a la decisión de esta corte en el caso de *Santiago* v. *Cuevas Padilla,* 41 D.P.R. 116, 124 y 125 y a las en él citadas.

Estando convencidos de que se trata de una apelación claramente frívola establecida con el mero propósito de dilatar la ejecución de la sentencia, estimamos que *debe declararse con lugar la moción y en su consecuencia desestimarse el recurso.*