Loíza Sugar Company, Demandante y Apelante, *v.* Baquero & Cía., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cumplimiento de contrato.

No. 2355.—Resuelto en julio 23, 1921

Contrato—Prueba Contradictoria.—Aun cuando la corte sentenciadora no haya tenido en cuenta el conflicto en la prueba, esta Corte decidirá el caso en favor del demandado cuando los autos muestren un juramento contra otro juramento.

Id.—Contrato no Mercantil.—Los contratos de la magnitud del que está envuelto en este caso deben hacerse constar por escrito a menos que caigan claramente dentro de las excepciones relativas a contratos no comerciales.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. C. Coll Cuchí* y *G. Cruzado Silva.*

Abogados de la apelada: *Sres. J. Martínez Dávila* y *E. Campillo.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La corte inferior en su opinión declaró sustancialmente probado lo siguiente:

Que la demandante alegó que el día 24 de mayo, 1920, uno de los socios gestores de Baquero & Cía. compró a la demandante por medio de su Presidente Eduardo J. González, 320 sacos de azúcar al precio de $23 el saco; que se solicitó de González y éste aceptó dar orden inmediatamente a la factoría de Canóvanas para que remitiera por ferrocarril en 9 de junio, 1920, los azúcares comprados; que la sociedad demandada se negó a aceptar los azúcares; que 160 sacos de azúcar fueron embarcados sobre vagón pero la demandada se negó a recibirlos; que la demandada negó los hechos de la demanda y también que no existía ningún documento o vendí que acredite dicha operación de azúcar, ni existe tampoco en sus records.

La corte entonces pasó a decir lo siguiente:

"Celebrado el juicio y practicada la prueba, resulta que la pre-

sentada por la demandante fué tendente a probar que por medio de su agente el Sr. Casellas, vendió a Baquero & Cía. el azúcar a que se hace referencia en la demanda, en conflicto con las alegaciones de la misma si bien la demandante tuvo oportunidad de solicitar permiso de la corte para enmendar sus alegaciones para armonizarlas, no lo hizo ni lo ha hecho hasta el presente; pero aún prescindiendo de esta cuestión y entrando en su fondo, la corte opina que la demandante no probó el contrato de compraventa de azúcares. Por parte de la demandante declaró el testigo Sr. Casellas, quien alega haber realizado la venta de los azúcares y haberla convenido con los Sres. Baquero y Alberto Calcina, socios gestores de la mercantil demandada, contrato que dice haber hecho de palabra, sin haberse aportado otra prueba que la testifical, no obstante montar a la suma de $18,400 que es algo más de los $300 de que nos habla el Código de Comercio en su artículo 51 cuya declaración fué contradicha por los testigos Baquero y Calcina.

"La corte, dada la naturaleza y cuantía del contrato, y la prueba aportada por las partes, es de opinión de que la demandante no ha probado la existencia del contrato y en su consecuencia debe declarar y declara sin lugar la demanda con imposición de costas y honorarios de abogado."

El testigo principal y agente de la apelante, Loíza Sugar Company, declaró tendente a demostrar que hizo un convenio de venta con Ráfael Baquero y Alberto Casini. Alberto Casini negó el convenio. Rafael Baquero estaba ausente en España en la época del juicio pero su hermano Enrique Baquero declaró y se le permitió decir, al parecer sin hacerse objeción, que él y su hermano estuvieron juntos todo el día en cuestión, que su hermano no hizo semejante convenio y que si lo hubiera hecho seguramente se hubiera comunicado con él. La ausencia de Rafael Baquero podría ser una circunstancia curiosa y estar algo en contra de los demandados si no fuera por el hecho de que la demanda no expresa con cuál de los dos hermanos Baquero se hizo el contrato, sino que dice simplemente que se hizo con el señor Baquero. Hubo prueba presentada por la demandante creditiva de que junto con otras órdenes, comenzaron ellos a

cumplir con la alegada orden de Baquero & Cía., dando el agente de los demandantes instrucciones a su factoría de embarcar 160 sacos de azúcar en un vagón, y que así se hizo. Sin embargo, estos actos de la demandante son de la naturaleza de *res inter alios acta* y no pueden ser obligatorios para los demandados. Aunque podríamos tener algunas dudas, el conflicto de la prueba era cuestión de la incumbencia de la corte sentenciadora y no vemos suficiente motivo en los autos para intervenir en su conclusión.

Sin embargo, también dice la apelante, que la corte en su opinión no se basó en el conflicto de la prueba sino que se fundó exclusivamente en el artículo 51 del Código de Comercio, el cual es como sigue:

"Artículo 51.—Serán válidos y producirán obligación y acción en juicio los contratos mercantiles cualesquiera que sean la forma y el idioma en que se celebren, la clase a que correspondan y la cantidad que tengan por objeto, con tal que conste su existencia por alguno de los medios que el derecho civil tenga establecidos. Sin embargo, la declaración de testigos no será por sí sola bastante para probar la existencia de un contrato, cuya cuantía exceda de 1,500 pesetas, a no concurrir con alguna otra prueba.

"La correspondencia telegráfica sólo producirá obligación entre los contratantes que hayan admitido este medio previamente y en contrato escrito y siempre que los telegramas reunan las condiciones o signos convencionales que previamente hayan establecido los contratantes, si así lo hubiesen pactado."

Creemos que la opinión de la corte es susceptible de ser entendida como que declara también que hubo conflicto en la prueba y de todos modos, aún sin la opinión de la corte, nos sentiríamos obligados a resolver el caso por las razones que hemos indicado, a favor de los demandados porque los autos muestran un juramento contra otro juramento. La apelante dice que el artículo 51 del Código de Comercio no es aplicable porque éste no era un contrato mercantil o más bien que era uno de la clase de contratos mercantiles que fué expresamente excluído por el artículo 326 de dicho có-

digo toda vez que era por efectos producidos por la Loíza Sugar Company. El artículo 326 prescribe lo siguiente:

"Artículo 326.—No se reputarán mercantiles.

"1. Las compras de efectos destinados al consumo del comprador o de la persona por cuyo encargo se adquieren.

"2. Las ventas que hicieren los propietarios y los labradores o ganaderos, de los frutos o productos de sus cosechas o ganados, o de las especies en que se les paguen las rentas.

"3. Las ventas que, de los objetos construídos o fabricados por los artesanos, hicieren éstos en sus talleres.

"4. La reventa que haga cualquiera persona no comerciante del resto de los acopios que hizo para su consumo."

Los apelados alegan que estos sacos de azúcar se vendían para especular y que tal venta es una excepción al segundo de los artículos citados del Código de Comercio. La naturaleza del contrato debe determinarse no por los fines con los cuales los compradores intentaban usar el azúcar sino por el origen de los azúcares mismos. Si la demandante producía el azúcar, de acuerdo con el artículo 326 del Código de Comercio una venta hecha por ella claramente no era mercantil y no caía dentro de las prescripciones del artículo 51 del referido código. Sea esto como fuere, no se demostró el origen de este azúcar. En otras palabras, no se probó que la Loíza Sugar Company estuviera claramente comprendida dentro de las excepciones señaladas en el artículo 326, *supra,* y por tanto nos inclinamos a sustentar el criterio de que el artículo 51 del Código de Comercio era claramente aplicable y cualquier duda que tengamos nos sentimos obligados a resolverla en favor del espíritu del Código de Comercio de que en los contratos de esta cantidad por lo general su existencia debe hacerse constar por escrito a menos que estén claramente comprendidos en las excepciones indicadas en el artículo 326 de dicho código.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.