BAY SHOE COMPANY, demandante y apelante, *v.* R. MUÑIZ LEÓN, demandado y apelado.

No. 5505.—*Sometido:* Junio 26, 1931. *Resuelto:* Abril 14, 1932.

*Besosa & Besosa,* abogados de la apelante; *V. Polanco de Jesús,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

R. Muñiz de León ordenó un lote de calzado del mismo estilo y calidad de ciertas muestras exhibidas por un agente-vendedor de la Bay Shoe Company. Cuando Muñiz examinó el calzado en la primera oportunidad que tuvo después de su entrega, halló que era de calidad inferior y de estilo muy distinto al de la muestra enseñádale por el representante. El inmediatamente notificó a la Bay Shoe Company y al banco (por cuyo conducto esa compañía había girado contra él por el importe de la compraventa) que no pagaría el giro por él aceptado al tiempo de la entrega como requisito previo a la misma, y sujeto al derecho de examen que él se reservó. También informó a la compañía vendedora del calzado y al

banco de los motivos que tenía para negarse a aceptar la mercancía, y puso ésta a disposición de la vendedora.

La compañía vendedora instituyó pleito en cobro, a su vencimiento, del giro aceptado, y Muñiz, después de una negativa general, alegó, como defensa afirmativa, los hechos arriba reseñados. La corte, después de celebrar un juicio sobre los méritos, dictó sentencia a favor del demandado.

El primer señalamiento es que la corte de distrito cometió error al resolver que el artículo 336 del Código de Comercio no era aplicable y que es opcional para el comprador invocar dicho artículo y acogerse o no al mismo. Los señalamientos posteriores dependen en una u otra forma de que se sostenga el primero. Deben subsistir o caer conjuntamente con aquél.

El artículo 336 del Código de Comercio lee en parte como sigue:

"   *         *         *         *         *         *         *

"El comprador tendrá el derecho de repetir contra el vendedor por defecto en la cantidad o calidad de las mercaderías recibidas enfardadas o embaladas, siempre que ejercite su acción dentro de los cuatro días siguientes al de su recibo, y no proceda la avería de caso fortuito, vicio propio de la cosa, o fraude.

"En estos casos, podrá el comprador optar por la rescisión del contrato o por su cumplimiento, con arreglo a lo convenido, pero siempre con la indemnización de los perjuicios que se le hubieran causado por los defectos o faltas.

"El vendedor podrá evitar esta reclamación exigiendo, en el acto de la entrega, que se haga el reconocimiento, en cuanto a cantidad y calidad, a contento del comprador."

Donde la versión inglesa del párrafo primeramente citado habla de "a right of action against a vendor," el original en castellano otorga al comprador "el derecho de repetir contra el vendedor."

La palabra "repetir" (*repetition*), según la define Corpus Juris, es "un requerimiento o una acción para recobrar dinero pagado por error, o efectos entregados equivocadamente

o bajo una condición incumplida.'' Véanse también Escriche, Diccionario de Legislación y Jurisprudencia, tomo 4, p. 917; Enciclopedia Jurídica Española, Francisco Seix, tomo 27, pág 279. Empero, para los fines de esta opinión puede admitirse que el derecho de acción a que se hace referencia en el artículo 336 no se limita a pleitos sobre rescisión de contratos de compraventa en casos en que el comprador se ha desprendido del precio de la compra, y en que los defectos de que se queja son ''vicios o defectos de cantidad o calidad'' de las mercaderías.

Según indicó el juez de distrito en su relación del caso y opinión, el comprador en el presente recurso nunca instituyó el procedimiento autorizado por el artículo 336 del Código de Comercio. Convenimos con la corte inferior en que los redactores del Código de Comercio, al fijar el período de cuatro días para instar el procedimiento autorizado por el artículo 336, no tuvieron la intención de privar a un comprador del derecho a oponerse a un requerimiento de pago, demostrando hechos que equivalían a la ausencia o falta de causa (*consideration*) para la aceptación de un giro, aunque los mismos hechos pudiesen haberle dado derecho a obtener un remedio en una acción instituída por él contra el vendedor dentro de cuatro días después de la entrega de la mercadería. El artículo 336 no puede ser aislado y considerarse separadamente. Debe ser interpretado en relación con otras disposiciones del Código de Comercio, tales como las contenidas en los artículos 327 y 332. Así interpretado, no puede resolverse que opera como un impedimento estatutorio a la defensa aducida por el demandado en el presente recurso.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.