EDUARDO DÍAZ, demandante y apelante, *v.* JULIO VIEJO FELIÚ, demandado y apelado.

Núm. 7784—*Sometido:* Mayo 10, 1939. *Resuelto:* Mayo 18, 1939.

826

*F. González Fagundo*, abogado del apelante; *R. Díaz Collazo* y *G. Rivera Cestero*, abogados del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La demanda de este pleito se radicó originalmente en la Corte de Distrito de Humacao, de donde a virtud de moción de traslado pasó a la Corte de Distrito de Bayamón.

Alegó el demandante que el 24 de abril de 1937 vendió al demandado 68 bultos de tabaco en rama con un peso de 87 quintales y 22 libras, a razón de $18 cada quintal de la clase conocida por *"medio y corona"* y $12 el quintal de la denominada *"rezago"*, todo lo cual ascendió a $1,467.42, siendo entregado dicho tabaco en Caguas, de donde lo condujo el demandado a sus almacenes en Bayamón. Que el mismo día

24 de abril de 1937 el demandado libró y entregó al demandante un cheque por la suma antes expresada, que no pudo hacer efectivo el demandante porque el demandado ordenó al banco la suspensión de su pago, y finalmente alegó el demandante que a pesar de los requerimientos hechos por él, el demandado se ha negado a pagarle la indicada cantidad.

A esta demanda, que fué debidamente jurada, contestó el demandado, también bajo juramento, en síntesis lo siguiente:

Aceptó la celebración del contrato en la forma expuesta por el demandante, pero alegó en contrario que de los 68 bultos o fardos de tabaco, 19 no contenían el producto de la calidad comprada, sino un tabaco de clase inferior al que fué objeto del contrato. Aceptó el demandado haber suspendido el pago del cheque, alegando en contrario que luego expidió otro a favor del demandante por la cantidad de $990.96, que era el precio correspondiente al tabaco entregádole de la calidad pactada. En contestación al tercer párrafo de la demanda, negó el requerimiento de pago alegado por el demandante y opuso en contrario el pago de los $990.96 antes mencionado. Terminó solicitando sentencia que desestime la demanda con imposición de costas y honorarios de abogado al demandante.

Celebrado el juicio oral el 23 de marzo del año pasado, el 26 de abril siguiente se dictó la sentencia apelada que desestimó la demanda con imposición de costas al demandante.

Dos son los errores que a la corte sentenciadora imputa el demandante apelante. Se exponen así:

"*Primero:* La Corte erró al admitir prueba al demandado para contradecir los hechos esenciales de la demanda y probar lo que ellos llaman defensas especiales.

"*Segundo:* La Corte cometió grave error al apreciar la prueba y declarar sin lugar la demanda."

La mera exposición del primer señalamiento de error demuestra la ofuscación que sufre el competente abogado que suscribe el alegato en apoyo de este recurso. Bastará llamar

su atención al precepto del artículo 110 del Código de Enjuiciamiento Civil (ed. 1933) que en lo pertinente dice así:

"Artículo 110.—La contestación del demandado contendrá:

"1. Una negación general o especial de los hechos esenciales de la demanda *con los cuales no esté conforme el demandado.*

"2. Una exposición de *cualquier materia nueva constitutiva de oposición a la demanda o de reconvención. . . .*" (Bastardillas nuestras.)

Como el demandado estuvo conforme con los hechos esenciales de la demanda jurada, naturalmente, los aceptó; pero esto no impedía que sin negar la verdad de tales hechos, alegase y probase la materia nueva constitutiva de oposición a la demanda, o sea, que después de recibido y pagado el tabaco descubrió que una parte del mismo no respondía a las estipulaciones del contrato, por lo que ordenó la suspensión del pago del cheque que envió al demandante cuando ignoraba tal defecto; que le pagó posteriormente el montante de aquella parte del tabaco cuya calidad respondía a las condiciones estipuladas, y rechazó la que no era aceptable.

El artículo 114 del mismo cuerpo legal también autoriza al demandado a deducir en su contestación tantas cuantas defensas y reconvenciones pudiera tener.

La forma de alegar adoptada por el demandado y sostenida por la corte inferior es lo que en Derecho Procesal Civil se conoce por *"confession and avoidance"*, o sea que admite la existencia de un hecho, pero inmediatamente alega otros que omitió exponer el demandante y que destruyen el efecto legal de lo expuesto en la demanda. Véanse por vía de ilustración el caso de *González* v. *González Ramos,* 35 D. P.R. 702, 709, *et seq.,* y 21 R.C.L. 546, sección 108, ambos citados en el alegato del apelado.

No existe, a nuestro juicio, el primer error señalado por el apelante.

El segundo y último de los errores señalados va dirigido a la apreciación de la prueba. La hemos estudiado

y no abrigamos duda alguna de que sostiene las conclusiones de hecho a que llegó la corte inferior. De la evidencia resulta que el demandante y el demandado convinieron las condiciones del contrato de compraventa de tabaco en rama, estipulándose el precio conforme aparece de las alegaciones de la demanda. Que el 19 de abril de 1937 el demandado envió a su empleado o representante, Félix López, a clasificar y recibir el tabaco en cuestión en los almacenes del demandante. Que en la tarde de dicho día López clasificó, marcó y enfardó, con la aprobación del demandante, diez y nueve bultos que aceptó como de la calidad superior estipulada en el contrato, pero no pudiendo continuar el trabajo durante los dos días siguientes por tener que ir a otros barrios de Caguas a recoger otros tabacos, convino con el demandante en dejar en su almacén y bajo el cuidado de éste los diez y nueve fardos de tabaco ya aceptados, conviniendo en volver el 22 para continuar su trabajo en el almacén del demandante. Que así lo hizo y el 22 por la tarde condujo al almacén del demandado no sólo los diez y nueve bultos clasificados y enfardados el día 19 de abril, sino los que clasificó y recibió el 22, llevándose finalmente el resto del tabaco comprado el día 23 de abril. Que después de llegar el tabaco al almacén del demandado, éste, con fecha 24 de abril, remitió al demandante el cheque cuyo pago suspendió inmediatamente después, al descubrir el defecto de calidad en una parte del producto. Que en efecto el tabaco contenido en los 19 bultos dejados en poder del demandante el 19 de abril había sido cambiado por otro inferior y no respondía a la calidad pactada, por lo cual el demandado lo puso a la disposición del demandante vendedor y a la vez le envió un cheque por $990.96, que era el valor que de acuerdo con el contrato tenía el resto del tabaco aceptado. A nuestro juicio, a nada más venía obligado el demandado comprador.

Arguye el apelante que puede que se trate en este caso de una venta mercantil comprendida en el artículo 243 del Código de Comercio (ed. 1932) y que en ese caso sería apli-

cable el artículo 254 del mismo cuerpo legal. El artículo 243 antes citado dice así:

- "Art. 243.—Será mercantil la compraventa de cosas muebles para revenderlas, bien en la misma forma que se compraron o bien otra diferente, con ánimo de lucrarse en la reventa."

Convenimos con el apelante en que el contrato en cuestión es de naturaleza mercantil, pues de la evidencia resulta que el comprador se dedica a la compra y venta de tabaco, y aunque pudiéramos asumir que el vendedor es un agricultor, no existe prueba alguna de que el tabaco vendido sea fruto o producto de su cosecha "o de las especies en que se le paguen las rentas", no estando comprendido, por consiguiente, en la excepción establecida en el artículo 244 del mismo código, que en lo pertinente dice así:

"Art. 244.—No se reputarán mercantiles:

"1. . . . . . . . . . . . .

"2. Las ventas que hicieren los propietarios y los labradores o ganaderos, *de los frutos o productos de sus cosechas* o ganados, o de las especies en que se les paguen las rentas. . . . "

Véanse a este efecto los casos de *Loíza Sugar Co.* v. *Baquero & Co.,* 29 D.P.R. 863, 866, y *Freiría & Co., S. en C.* v. *Cortés Hnos. & Co.,* 32 D.P.R. 127, 136.

Pero el hecho de que el contrato sea de naturaleza mercantil no hace aplicable a este caso las disposiciones del artículo 254 del Código de Comercio, edición de 1930, (336 del Código español), que literalmente dice así:

"Art. 254.—El comprador que, al tiempo de recibir las mercaderías, las examinare a su contento, no tendrá acción para repetir contra el vendedor, alegando vicio o defecto de cantidad o calidad en las mercaderías.

"El comprador tendrá el derecho de repetir contra el vendedor por defecto en la cantidad o calidad de las mercaderías recibidas enfardadas o embaladas, siempre que ejercite su acción dentro de los cuatro días siguientes al de su recibo, y no proceda la avería de caso fortuito, vicio propio de la cosa, o fraude.

"En estos casos, podrá el comprador optar por la rescisión del contrato o por su cumplimiento, con arreglo a lo convenido, pero siempre con la indemnización de los perjuicios que se le hubieran causado por los defectos ó faltas.

"El vendedor podrá evitar esta reclamación exigiendo, en el acto de la entrega, que se haga el reconocimiento, en cuanto a cantidad y calidad, a contento del comprador."

En el presente caso el comprador apelado no ha instituído procedimiento alguno contra el vendedor. Fué el vendedor quien instó este pleito contra el comprador, a quien indudablemente le asiste el derecho de defenderse de esta acción en cobro de dinero demostrando que el vendedor no tiene derecho a obligarlo a aceptar y pagar una mercancía que no fué la comprada por él.

El caso de *Bay Shoe Co.* v. *Muñiz,* 43 D.P.R. 352, resuelve perfectamente la cuestión. Tomamos de la opinión de dicho caso:

"R. Muñiz de León ordenó un lote de calzado del mismo estilo y calidad de ciertas muestras exhibidas por un agente vendedor de la Bay Shoe Company. Cuando Muñiz examinó el calzado en la primera oportunidad que tuvo después de su entrega, halló que era de calidad inferior y de estilo muy distinto al de la muestra enseñádale por el representante. Él inmediatamente notificó a la Bay Shoe Company y al banco (por cuyo conducto esa compañía había girado contra él por el importe de la compraventa) que no pagaría el giro por él aceptado al tiempo de la entrega como requisito previo a la misma, y sujeto al derecho de examen que él se reservó. También informó a la compañía vendedora del calzado y al banco de los motivos que tenía para negarse a aceptar la mercancía, y puso ésta a disposición de la vendedora.

"La compañía vendedora instituyó pleito en cobro, a su vencimiento, del giro aceptado, y Muñiz, después de una negativa general, alegó, como defensa afirmativa, los hechos arriba reseñados. La corte, después de celebrar un juicio sobre los méritos, dictó sentencia a favor del demandado.

"El primer señalamiento es que la corte de distrito cometió error al resolver que el artículo 336 del Código de Comercio no era aplicable y que es opcional para el comprador invocar dicho artículo y acogerse o no al mismo.

"

"Según indicó el juez de distrito en su relación del caso y opinión, el comprador en el presente recurso nunca instituyó el procedimiento autorizado por el artículo 336 del Código de Comercio. Convenimos con la corte inferior en que los redactores del Código de Comercio, al fijar el período de cuatro días para instar el procedimiento autorizado por el artículo 336, no tuvieron la intención de privar a un comprador del derecho a oponerse a un requerimiento de pago, demostrando hechos que equivalían a la ausencia o falta de causa (*consideration*) para la aceptación de un giro, aunque los mismos hechos pudiesen haberle dado derecho a obtener un remedio en una acción instituída por él contra el vendedor dentro de cuatro días después de la entrega de la mercadería. El artículo 336 no puede ser aislado y considerarse separadamente. Debe ser interpretado en relación con otras disposiciones del Código de Comercio, tales como las contenidas en los artículos 327 y 332. Así interpretado, no puede resolverse que opera como un impedimento estatutario a la defensa aducida por el demandado en el presente recurso.''

La corte inferior dirimió el conflicto de la evidencia y no habiéndose demostrado que al así hacerlo actuase movida por pasión, prejuicio o parcialidad, o que cometiera error en la apreciación de la prueba, debemos aceptar sus conclusiones de hecho, a las cuales aplicó correctamente los principios de derecho.

*No habiéndose cometido los errores señalados por el apelante, procede la desestimación del recurso y en su consecuencia la confirmación de la sentencia apelada.*